**EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. MALONEY et al.**

**No. 5930.**

United States District Court
E. D. Missouri, E. D.

July 19, 1948.

Jones, Hocker, Gladney & Grand and James C. Jones, Jr., of St. Louis, Mo., for plaintiff.

Flynn & Mohrman and Henry J. Mohrman, of St. Louis, Mo., for defendants John F. Maloney, Frances L. Porter, Emily A. Luckett, Helen Ferrier and Dudley C. Schmid.

Grover C. Sibley, of St. Louis, Mo., for defendant August Charles Schmid.

Maurice J. O'Sullivan and John G. Killiger, Jr., of Kansas City, Mo., for defendants Elizabeth Schmid and Adele Raney.

HULEN, District Judge.

Plaintiff[1] initiated this action by "Petition in Interpleader". The issues between the parties as to right of plaintiff to maintain interpleader, as well as on the merits of the "claims", are before the Court for ruling; also relief by certain defendants as to whose claims there is no dispute. Jurisdiction is based on Section 1335, Title 28 United States Code, Annotated, and is challenged on ground there is no adverse claim as between resident and non-resident defendants. The serious question presented by the record is not as to merit of the "claims" controversy, but construction of pleadings as determinative of the Court's jurisdiction.

Between July 12, 1934 and September 30, 1946 plaintiff issued to Emily M. Schmid twenty-five annuity contracts. With the exception of one of the contracts, the defendants—a brother, a sister-in-law, and nieces and nephews—were beneficiaries of the annuities on the death of Emily M. Schmid. Some of the contracts have been paid in full, others are still subject to installment payments. Emily M. Schmid died January 19, 1947. Payments were then made on the annuities to the beneficiaries named until March, 1948, when defendant John F. Maloney, as administrator pendente lite of the estate of Emily M. Schmid, instituted an action in the Circuit Court of the City of St. Louis against plaintiff and defendant August Charles Schmid and his wife Adele Schmid. Plaintiff, proceeding under Section 1335, United States Code, Annotated, filed here its "Petition in Interpleader" on June 8, 1948.[2] Laches is not claimed by any defendant.

The Interpleader Petition is to the effect that in the State case, filed by Maloney, as administrator, it was charged that money used to purchase the annuity contracts in which August Charles Schmid was named beneficiary was procured through fraud, false representations and undue influence on the part of August Charles Schmid, and that by reason thereof John F. Maloney, as such administrator, was entitled to all income, profits and monies *payable under the annuity contracts* issued to Emily M. Schmid, less any sums received thereon by the said Emily M. Schmid during her lifetime. The petition in conventional form alleges diversity of citizenship as be-

---

[1] Herein referred to as "Assurance Society".

[2] The "Petition in Interpleader", paragraph 2, alleges jurisdiction is invoked under "Subdivision 26, Section 41, Title 28 of the United States Code". Section 26 has been superseded by Section 1335 in the 1948 revision of the Judicial Code.

tween the beneficiaries in the annuities and defendant Maloney, as administrator. Bond was tendered and injunction against prosecution of the State action was granted. The petition in interpleader was attacked on jurisdictional grounds by motion to dismiss. No record was made on the motion. We found the petition sufficient under Section 1335 and overruled the motion.

Defendants Porter, Luckett, Ferrier and Dudley C. Schmid filed "answer", denied jurisdiction of the Court, and prayed—if plaintiff is entitled to interplead, defendants be permitted to set up and prosecute in this cause their claims on the annuities in which they were named as beneficiaries. Defendants Elizabeth Schmid and Adele Raney filed a similar pleading. On final submission no adverse claims were made on annuities in which these defendants are named as beneficiaries.

August Charles Schmid by amended answer sought affirmative relief—that plaintiff be required to make payments on the annuity contracts in which August Charles Schmid was named beneficiary.

The "amended separate answer" of John F. Maloney, administrator, challenged the jurisdiction of the Court; it also pleads the administrator is entitled to an "accounting" by defendant August Charles Schmid of all monies and property received by him after August 4, 1937, from said Emily M. Schmid, "part" of which is now represented by annuities issued by plaintiff. It is charged that defendant August Charles Schmid by fraud unduly influenced Emily M. Schmid to purchase the annuities, making him beneficiary, as a scheme to obtain her money. The pleading recites that Emily M. Schmid was "eighty-two (years of age) or more, * * * in feeble health, in consequence of which she was of weak and feeble mind and completely under the domination, influence and control of August Charles Schmid." The prayer is—if plaintiff is granted its interplea defendant be permitted to set up and prosecute in this cause all rights and claims which he may have to any amount payable by plaintiff in connection with the "subject matter of this action", and judg-

ment be rendered for defendant in the amount found to be due him.

August Charles Schmid answered the amended separate answer of John F. Maloney, administrator, the substance of which is the same as his answer to the petition.

At the hearing plaintiff, to sustain its "Petition in Interpleader", offered the petition filed in the State Court by Maloney, showed diversity of citizenship among defendants, offered some correspondence on the issue of its good faith in filing the petition, and asked judgment on its interplea and to be discharged from further proceeding in the controversy. This plea was denied. Defendant Maloney, acknowledging the burden of proof on the merits rested on him, proceeded to offer evidence in support of his charge of fraud and undue influence against defendant August Charles Schmid in connection with Emily M. Schmid's procurement of the annuities in which he is named as beneficiary. August Charles Schmid moved for a directed verdict, and following adverse ruling offered evidence in rebuttal of the charge of fraud and undue influence. No claims contrary to annuity contract terms exist in this case on annuities payable to any defendant other than August Charles Schmid. At the conclusion of the evidence the Court announced from the bench there was a jurisdictional question presented by the record as there appeared to be no conflicting claims between resident and non-resident defendants, as required by the interpleader Act. Plaintiff and defendant August Charles Schmid announced they would submit briefs. Defendant Maloney declined.

The allegation of the "Interpleader Petition" that defendant Maloney in his petition filed in the State Court claimed he "was entitled to all income, profits and monies payable *under the annuity contracts* issued to Emily M. Schmid," finds no support in the State Court pleading. The State Court petition, after charging defendant August Charles Schmid with fraud and undue influence in causing Emily M. Schmid to deliver money to him to be transferred to the plaintiff in payment of the annuity contracts, in which he was

named beneficiary, "whereby upon her death the whole income and benefit of the said contracts inured to the said August Charles Schmid," proceeds to recite that "plaintiff (in the State Court case) is entitled to an accounting of all such money and property, and *any* income, profits, commissions, or other proceeds of the same, and to have the *whole* of the amount found due paid over to him". Maloney's State Court pleading proceeds (par. 15)— plaintiff " * * * elects to *rescind the annuity contracts* * * * because of the fraud and undue influence * * * *exercised in their making*". The next paragraph pleads that "defendants (and this includes plaintiff in this action) are trustees of *all money* and property *received by them from Emily M. Schmid* and plaintiff is entitled to have *the said money* and property impressed with a trust in his favor, * * * and to recover said property and any income, profits and proceeds thereof in the hands of the defendants". The prayer of the State Court pleading conforms. It is plain Maloney's petition in the State Court, upon which plaintiff here exclusively grounds its "Petition in Interpleader", was not an action wherein Maloney, as administrator, was seeking to recover on the annuity contracts, but was an action to secure all the money paid the Assurance Society for the issuance of the annuity contracts. It follows plaintiff Assurance Society had an interest in the State Court proceeding other than that of a mere stakeholder. Assertion, and where challenged proof, of entire disinterestedness is essential to a "bill of interpleader" on the part of the petitioner. Sanders v. Armour Fertilizer Works, 292 U.S. 190, loc. cit. 200, 54 S.Ct. 677, 78 L.Ed. 1206, 91 A.L.R. 950. Is jurisdiction of this Court in this case thereby defeated?

### I

■ If the complainant has an interest in the outcome of the proceeding and there shall be conflicting claims for the fund held by the complainant, and the complainant shall have some right to equitable relief with respect to the fund, complainant then may proceed by "a bill in the nature of interpleader". Prior to the 1948 revision, under such conditions, it was held, where plaintiff sought to present his case by "strict bill of interpleader" that it was "clearly sufficient as a bill in the nature of interpleader", if jurisdictional facts are established. Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551, loc. cit. 556. See also Klaber v. Maryland Casualty Co., 8 Cir., 69 F.2d 934, loc. cit. 940, 106 A.L.R. 617. We think the 1948 revision has further liberalized interpleader action. The amendment inserted, with respect to adverse claimants, not only those who "are claiming" but added those who "may claim" to be entitled to share in the fund. Paragraph (a) added to the original jurisdiction of district courts in any "civil action of interpleader", the interpretation that had been placed on the previous Act, so it would include bills "in the nature of interpleader". Does the record in this case authorize relief for plaintiff under authority of the ruling in Hunter v. Federal Life Ins. Co., supra?

■ We construe each of the annuity contracts as a separate agreement. They represent no joint claim against the plaintiff. But they were all purchased by Emily M. Schmid at a time when the State Court petition charges she was advanced in age and of sick and "feeble mind", and under the influence of August Charles Schmid, and that August Charles Schmid during the period was practicing fraud and using undue influence to obtain the property of Emily M. Schmid through the instrumentality of annuities, not definitely identified, issued by the plaintiff. The institution of the State Court action suggests, and evidence in this case confirmed, that antipathy had developed between the objects of the bounty of Emily M. Schmid. Its extent does not appear. The State Court pleading evidenced a lack of complete information on extent of dealings between plaintiff here and Emily M. Schmid, through August Charles Schmid. The pleading uses the term "all money" received by plaintiff and seeks to impress a trust on it. When heirs begin litigating, with selfish motives, over the estate of a deceased relative, and aversion develops between them, with its consequent

effect on cool and sound judgment, who can anticipate definitely the nature and extent of claims and turns the family struggle will take? Plaintiff claims that in good faith it was fearful of paying any annuity contracts purchased by Emily M. Schmid because of the charges contained in the State suit pleading. Plaintiff had cause to fear suit by other defendants if they delayed payment on the annuities in which other defendants were named as beneficiaries, to determine all contingencies of the State Court proceeding. There is no evidence that it had been threatened with such suit but certainly the beneficiaries would not long voluntarily tolerate delay in payment of that which the annuity contracts contemplate.

While the State Court action assailed only the annuities in which August Charles Schmid, a resident of Missouri, was beneficiary, yet the nature of the charges are such that we are not prepared to say the Assurance Society acted in bad faith in seeking a court decision as to validity of all the contracts, including those with non-residents as beneficiaries, before making further payment. At least plaintiff was confronted with a situation not free from doubt that it would be confronted with conflicting claims. Under these circumstances we think doubts should be resolved in favor of the plaintiff and its right to institute this action. Massachusetts Mut. Life Ins. Co. v. Weinress, D.C., 47 F.Supp. 626. If the Court is correct in this conclusion then the Assurance Society had a right to equitable relief as between non-resident claimants and resident claimants, and it could not obtain it in the State Court. See Standard Surety & Casualty Co. v. Baker, 8 Cir., 105 F.2d 578. On the basis of these findings we hold, plaintiff had a right to institute, and the pleading of plaintiff should be and is construed as, a bill in the nature of interpleader.

■ Our holding, that the pleading of plaintiff be construed as a petition in the nature of bill of interpleader rather than a bill of interpleader, adversely affects claim of plaintiff to taxing counsel fees in its favor. Standard Surety & Casualty Co. v. Baker, supra.

## II.

■ This brings us to a consideration of the pleadings on the merits of the controversy between all parties to this action. Pleadings of some of the defendants are in the alternative—if we sustain plaintiff's interpleader that they be permitted to prosecute their claims in connection with the subject matter of this action. John F. Maloney has such a pleading. Notwithstanding his pleading, defendant John F. Maloney, as administrator, proceeded to and did try his case here on the merits. We will consider all pleadings containing an alternative plea, although brief and limited in allegations, as having been amended in accordance with the position taken by the respective parties and the proof offered by them. Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

## III.

■ On the merits and the issue between plaintiff and defendants Maloney and August Charles Schmid we find against the administrator on its claim for an accounting by August Charles Schmid and plaintiff. The evidence indicated "Charles" did advise with and assist his sister "Emily" in business matters but there is not a word in the record on which to base a finding he ever perpetrated a fraud on or used undue influence to move her to deliver money to him, or plaintiff, that he might secure annuities from plaintiff with himself named as beneficiary on death of his sister. On the contrary the testimony is that she was advised to purchase the annuities by Judge Landwehr, her attorney. She was not only aware that Charles was getting a commission on the annuities, as plaintiff's agent, but expressed herself as desirous of that arrangement for the benefit of her brother. It was natural Emily should prefer her only surviving brother Charles over her in-laws, nieces and nephews. It cannot be said the division of her property among them was unfair or suggested in itself the use of undue influence. As to the mental state of Emily, all the testimony supports the conclusion that for a woman her age it was normal. Even Mrs. Luckett, the mover of this liti-

gation, testified "forgetfulness" was the only basis she had for her opinion of lack of normal mentality.

We conclude, findings of fact, conclusions of law, and judgment should affirm the legality of all annuity contracts purchased by Emily M. Schmid from plaintiff during her lifetime and decree payment thereof in accord with their terms, to defendants, as the case may be. Cost to be taxed against defendant Maloney as administrator.

### Findings of Fact
### on Petition in Interpleader

1. At the time of the institution of this suit plaintiff was a corporation and a citizen of the State of New York; defendant Dudley C. Schmid was a citizen of the State of Kansas; defendant Frances L. Porter was a citizen of the State of New York; all other defendants were citizens of the State of Missouri. Defendants August Charles Schmid and Emily A. Luckett resided in the City of St. Louis, State of Missouri.

2. Between July 12, 1934 and September 30, 1946 plaintiff issued to Emily M. Schmid twenty-five annuity contracts, one of which determined upon the death of Emily M. Schmid and the other twenty-four provided that if on the death of the annuitant, payments made to her were less than the consideration paid for the annuity, then the beneficiary designated in the annuity contracts would receive annuity payments for the unpaid portion of the consideration as provided in the contract.

3. Defendant August Charles Schmid, a brother of the annuitant, was beneficiary in nineteen of the contracts; defendant Elizabeth Schmid, a sister-in-law of annuitant, was beneficiary in one of the contracts; and defendants Frances L. Porter, Emily A. Luckett, Adele Raney, Helen Ferrier and Dudley C. Schmid, nieces and nephew of the annuitant, are joint beneficiaries in four of the contracts.

4. Emily M. Schmid died January 19, 1947.

5. John F. Maloney, as administator pendente lite of the estate of Emily M. Schmid, on or about March 1st, 1948, filed in the Circuit Court of the City of St. Louis a petition naming plaintiff and August Charles Schmid, and his wife Adele Schmid, as defendants, which petition in substance charged that August Charles Schmid by fraud and undue influence procured for and caused Emily M. Schmid, who was of weak mind, to obtain the annuity contracts from plaintiff in which he was named as beneficiary, and asked for an accounting of all monies received by plaintiff from Emily M. Schmid and that the annuity contracts issued with August Charles Schmid named as beneficiary be rescinded.

6. Under the allegations of the petition referred to in the preceding paragraph plaintiff in this action had an interest in the result of the State Court proceeding instituted by John F. Maloney and the petition in interpleader filed in this Court is based upon the State Court proceedings instituted by John F. Maloney.

7. Plaintiff made all payments due on the annuity contracts referred to until the institution of the suit in the State Court by John F. Maloney and has made no further payments on any annuity contracts in which defendants were beneficiaries since March 9, 1948.

8. Defendant John F. Maloney at the time of filing the State Court proceeding moved to rescind only the annuity contracts in which August Charles Schmid is named as beneficiary, but the allegations of the petition filed by John F. Maloney in the State Court proceeding are such in character, and the relationship of the parties named as beneficiaries in all the annuities are such, that plaintiff in good faith feared that further claims by such administrator might be made with respect to the annuity contracts above referred to, involving all or part of the defendants.

9. Because of such claims, that might be filed, plaintiff could in good faith have been and was in doubt as to whether any further payments could be made, with safety and without loss to plaintiff, on any of the annuity contracts purchased by Emily M. Schmid until the claim set up in the State Court action had been adjudicated and any claims that might be filed

by the parties affecting all such annuity contracts has been determined.

10. Because of diversity of citizenship of some of the defendants service cannot be had on all beneficiaries of the annuity contracts in the State Court proceeding and for that reason plaintiff could not in that proceeding obtain a final adjudication of the claim filed and of any claims that might be filed affecting said annuity contracts and plaintiff's liability under them, or for funds which have been paid for their issuance.

11. The amount still due under said annuity contracts referred to in these findings exceeds the sum of $500.00.

## Conclusions of Law
## on Petition in Interpleader

1. Plaintiff filed a petition in interpleader in this cause but the record will not support relief under such a pleading.

2. Plaintiff is entitled to equitable relief.

3. Plaintiff is entitled to relief by a bill in the nature of bill of interpleader.

4. Plaintiff is entitled to have the pleading filed by plaintiff construed as a bill in the nature of interpleader and it will be and is so construed.

5. This Court has jurisdiction of plaintiff's cause when its pleading is construed as a bill in the nature of a bill of interpleader under Section 1335, Title 28, United States Code Annotated.

6. Plaintiff is not entitled to have its attorneys allowed a fee in a proceeding by bill in the nature of interpleader.

## Findings of Fact
## on the Merits

1. This is an action in the nature of interpleader.

2. Emily M. Schmid, between July 11, 1934 and August 30, 1946, purchased from plaintiff twenty-five annuity contracts, and during all said period of time when negotiations were being carried on for their purchase Emily M. Schmid was of sound mind and understood the nature of the transaction and was not influenced in the purchase of said annuities, or either of them, by August Charles Schmid, and no fraudulent scheme or device was used or attempted to be used by August Charles Schmid to cause Emily M. Schmid to purchase said annuity contracts or any one of them.

3. Defendant John F. Maloney, as administrator pendente lite of the estate of Emily M. Schmid, deceased, has no right, title or interest in the annuity contracts purchased by Emily M. Schmid from plaintiff during her lifetime, or the proceeds heretofore paid or which shall hereafter become due on said annuity contracts, or any of the money paid by Emily M. Schmid to plaintiff for the issuance of any one or more of said annuity contracts, and no grounds have been shown upon which any accounting, in any sum whatsoever, is due John F. Maloney, as administrator pendente lite of the estate of Emily M. Schmid by plaintiff or any one or more of the defendants.

4. The defendant, August Charles Schmid, a brother of Emily M. Schmid, was the beneficiary of the refund annuity contracts numbered 10,233,426; 10,356,091; 10,407,262; 10,451,655; 10,818,296; 10,914,221; 10,988,580; 11,102,411; 11,133,891; 11,210,409, and 11,392,962. In each of said annuity contracts it was provided that at any time subsequent to the death of the annuitant, but before the sum of the annuity payments made by the plaintiff under such contract should equal the consideration or premium paid, the defendant August Charles Schmid should have the right and privilege upon the surrender of the annuity contract to receive in a single sum the commuted value of any of the annuity payments remaining unpaid, such commutation to be on the basis of 3% per annum compound interest. Following the death of Emily M. Schmid, the defendant August Charles Schmid, on or about February 14, 1947, elected to surrender and did surrender the aforesaid annuity contracts to the plaintiff for the commuted value of the annuity payments still due thereunder, and as of February 14, 1947 the plaintiff paid to the defendant August Charles Schmid the commuted value of the annuity payments thereafter payable under said con-

tracts amounting to an aggregate commuted value of $6,518.73.

5. The defendant August Charles Schmid is also the beneficiary of refund annuity contracts numbered 11,514,481; 11,559,732; 11,649,482; 11,783,706; 11,-842,998; 11,955,415; 12,011,551 and 12,-259,819. The defendant Elizabeth Schmid, a sister-in-law of the annuitant Emily M. Schmid, is the beneficiary of refund annuity contract number 10,661,602, and defendants Frances L. Porter, Emily A. Luckett, Adele Raney, Helen Ferrier, and Dudley C. Schmid, the nephew and nieces of the annuitant Emily M. Schmid, are the beneficiaries, share and share alike, of refund annuity contracts numbered 10,-460,122; 10,661,603; 10,705,040 and 10,-818,295. One Julian W. Schmid, a nephew of the annuitant Emily M. Schmid, was also one of the beneficiaries of said last-mentioned refund annuity contracts but the said Julian W. Schmid died on or about March 13, 1948, and, under the terms of said contracts, the other beneficiaries thereof succeeded to the beneficial interest of the said Julian W. Schmid in said contracts upon his death as aforesaid.

### Conclusions of Law on the Merits

1. The annuity contracts referred to and designated by number in paragraphs 4 and 5 of the above last findings of fact are and were since issuance, each and every one, lawful, binding contracts, free from fraud.

2. Defendants' excepting defendant Maloney, as they are named in said annuity contracts, are entitled to the proceeds of the annuity contracts designated by number and referred to in paragraph 5 of the last above findings of fact, according to the terms of said annuity contracts, and according to the terms thereof in case of the deceased beneficiary.

3. Defendant John F. Maloney, as administrator pendente lite of the estate of Emily M. Schmid, has shown no basis upon which an accounting against plaintiff or either of the defendants could be granted and the issues upon the plea for an accounting by him are found against him and in favor of plaintiff and the defendant August Charles Schmid.

4. John F. Maloney, as a party to this case in his representative capacity, has no right, title or interest in any of the annuity contracts purchased by Emily M. Schmid and identified by number in paragraphs 4 and 5 of the above last findings of fact, or any of the proceeds of such annuity contracts, or any of the funds received by plaintiff as consideration for issuing of such contracts.

5. The beneficiaries, named in the annuity contracts designated by number in paragraph 5 of the above last findings, are entitled to receive forthwith all payments which would have been paid to them to date of filing of the judgment herein and since plaintiff ceased payments on March 9, 1948, according to the terms of the said annuity contracts, and thereafter to receive payments according to the terms of the annuity contracts, and such defendants are entitled to judgment so ordering.

6. The plaintiff upon making such payments, as in said annuity contracts provided, to the beneficiaries defendants herein, shall be relieved from all and any other or further liability on said annuity contracts, and plaintiff is entitled to judgment accordingly.[3]

Let judgment be settled and submitted as directed.

---

[3] Notwithstanding the foregoing the parties may submit requests for additional findings of fact and conclusions of law if they consider same desirable.