No. 45,363

NETTIE A. MACEK, *Appellee*, v. SWIFT AND COMPANY EMPLOYEES BENEFIT ASSOCIATION and GLOBE LIFE INSURANCE COMPANY, *Appellants*, and ELIZABETH HERMON, *Defendant*.

(455 P. 2d 521)

Opinion filed June 14, 1969.

*Robert M. Kroenert*, of Kansas City, Missouri, argued the cause, and *Robert D. Benham*, of Kansas City, and *William H. Curtis*, of Kansas City, Missouri, were with him on the brief for the appellants.

*Ernest N. Yarnevich*, of Kansas City, argued the cause, and *David W. Carson*, *John K. Dear*, *J. W. Mahoney*, *Joseph T. Carey* and *John H. Fields*, all of Kansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This action was filed by the divorced wife to recover the proceeds of the decedent's life insurance policies, which named her as beneficiary. The decedent left a widow who also claimed the proceeds of the decedent's life insurance policies. The insurance companies admitted liability for payment of the proceeds,

but faced with conflicting claims by the two claimants who are represented by attorneys, were permitted to interplead the conflicting claimants and pay the proceeds into court.

The only question on appeal is whether K. S. A. 40-256 authorizes the assessment of attorneys' fees against the insurance companies, where they at all times were willing to pay the insurance proceeds to the party legally entitled thereto, but sought to be protected against double liability.

In 1957 Swift and Company Employees Benefit Association (defendant-appellant) and Aetna Life Insurance Company, the carrier of Swift's group life insurance plan, each issued a policy of insurance on the life of Robert Leon Hermon, a Swift employee. The designated beneficiary under both policies was "Nettie A. Hermon, wife." She was the wife of Robert Leon Hermon when he took out the policies of insurance, but was divorced from him on January 29, 1964.

On March 1, 1966, Swift's group life insurance plan was transferred from Aetna Life Insurance Company to Globe Life Insurance Company (defendant-appellant).

At the time of Robert Leon Herman's death on August 16, 1966, he was married to Elizabeth Hermon and had a son by her, but the designated beneficiary under both policies had not been changed and was still "Nettie A. Hermon, wife."

By reason of his death, a death benefit in the net amount of $1,750 became payable under the defendant Swift's policy, and insurance in the net amount of $6,750 became payable under the defendant Globe's policy.

A few days after the death of Robert Leon Hermon, Swift received a letter from Mrs. Joseph Anderson of Mission, Kansas, an attorney at law, dated August 18, 1966, in which Mr. Anderson stated he was making a claim on behalf of Elizabeth Hermon "for the amounts payable under both policies." Mr. Anderson also stated in this letter that "Approximately four or five months ago, Mr. Hermon completed a form changing the beneficiary on these policies. We are uncertain as to whether or not your office received this change."

On August 23, 1966, Mr. Lang of Swift advised Mr. Anderson by letter that Swift and Globe did not have any information regarding the change of beneficiary and that the designated beneficiary under the two policies in question was Nettie Ann Hermon. At the

conclusion of the letter, Mr. Lang stated that "unless your client and the designated beneficiary can come to some amicable settlement, we will have no recourse to pay the funds into court by interpleader action."

Mr. Lang did not receive an answer from Mr. Anderson and wrote to him again on October 4, 1966, to ask him to comment on his course of action and his intention to pursue Elizabeth Hermon's claim. At the conclusion of the letter Mr. Lang stated "We would appreciate this information in order to proceed with the settlement of this claim."

Mr. Lang again did not receive an answer from Mr. Anderson and wrote to him again on November 2, 1966, to ask him to advise promptly whether he intended to pursue Elizabeth Hermon's claim and to tell him that if he did not respond by November 15, 1966, Swift and Globe would have no alternative but to assume he no longer wished to pursue the matter. Mr. Lang further stated in that event "attention will be given to the claim by the designated beneficiary, Nettie A. Hermon regarding both coverages." A copy of this letter was sent to counsel for Nettie.

Mr. Lang then received a letter from Mr. Anderson, dated November 4, 1966, in which Mr. Anderson stated, among other things, that:

"We must apologize for not keeping you advised as to our activities in this case, but we have been in contact with the attorney who represents the 'other' Mrs. Hermon and we hope to be able to come to some sort of agreement in the next week.

"As soon as we have received a decision from the other attorney, we will be in touch with you."

Nothing further was heard from Mr. Anderson, and on December 9, 1966, Mr. John Kummerer of Swift wrote to Mr. Anderson to ask him whether he intended to pursue Elizabeth Hermon's claim. Mr. Kummerer further stated "We note in your letter of November 4 that it was hoped that some sort of agreement could be reached within the next week and we would appreciate the courtesy of a prompt reply at this time."

On December 15, 1966, Swift received a letter from Mr. Ernest N. Yarnevich, plaintiff's attorney, dated December 12, 1966. In the letter, Mr. Yarnevich advises that his office represents Nettie Hermon Macek, plaintiff herein, and that he has transmitted to the local industrial relationship department of Swift the necessary proofs of

loss, together with the death certificate of Robert Leon Hermon. The letter further requested the immediate payment of all funds to the plaintiff and stated further "I understand that Mr. Anderson of Mission, Kansas, an attorney at law, represents a purported claimant to these funds, but feel as though our client being designated as beneficiary, is entitled to immediate payment."

After this letter no word was heard from anyone concerning the payment of these claims until February 16, 1967, the day plaintiff's lawsuit was filed, when Mr. Haas of Swift wrote to both Mr. Anderson and Mr. Yarnevich. In the letter to Mr. Anderson Mr. Haas notes that Mr. Anderson had not replied to Mr. Kummerer's letter of December 9, 1966, and advises that if Mr. Anderson and Mr. Yarnevich "do not reach agreement by March 1, 1967 as to the distribution of these proceeds it will be necessary to instigate interpleader action." At the conclusion of the letter, Mr. Haas asks Mr. Yarnevich to advise "if this matter can be resolved so that the necessary release forms can be drawn up."

With regard to the amount payable by Swift Nettie A. Macek (plaintiff-appellee) filed suit against Swift on February 16, 1967. Globe Life Insurance Company was not named as a party defendant in plaintiff's petition. Plaintiff simply alleged therein that she was entitled to recover $9,000 under Swift's certificate No. 971765.

Swift subsequently filed an answer in which it stated that a death benefit in the net amount of $1,750 was payable under its policy; that it was and at all times since the death of Robert Leon Hermon has been ready, willing and able to pay said death benefit to the person or persons lawfully entitled thereto; that plaintiff and Elizabeth Hermon, by and through their respective attorneys, have asserted conflicting claims for said death benefit; that by reason of such conflicting claims Elizabeth Hermon was a necessary and indispensable party to this proceeding; that it was unable to determine which claimant was entitled to the net amount of the death benefit; that it may be subjected to multiple liability and the defense of a multiplicity of suits; and that it has deposited with the clerk of the court the net amount of said death benefit to be paid to the party determined by the court to be legally entitled thereto.

At the same time, Swift filed a counterclaim and cross-claim for interpleader and moved for an order of the court that Elizabeth Hermon be joined in this action as an additional party defendant

and that she be summoned to appear and answer said cross-claim for interpleader.

With regard to the amount payable by Globe plaintiff, at the time of the filing of her petition against Swift, was apparently not aware that any amount was payable by Globe. Thereafter, the attorney for Swift and Globe advised the attorney for the plaintiff that insurance proceeds in the net amount of $6,750 were payable under Globe's master policy No. G153 by reason of the death of Robert Leon Hermon. It was thereupon decided and agreed by both attorneys that plaintiff would file an amended petition joining Globe in this action as a party defendant; that Globe would pay the net amount of said insurance proceeds into court; and that Swift and Globe would file a counterclaim and cross-claim for interpleader similar to the one previously filed on behalf of Swift.

In accordance with the agreement of both attorneys, plaintiff filed her first amended petition herein against Swift and Globe, and they subsequently filed an answer, a counterclaim and cross-claim for interpleader, and a motion for joinder of Elizabeth Hermon as an additional party defendant. At the same time, Globe deposited with the clerk of the court the net amount of said insurance proceeds—$6,750, to be paid to the party or parties determined by the court to be legally entitled thereto.

After plaintiff's petition was filed, defendants advised Elizabeth Hermon's attorney of plaintiff's lawsuit and asked him whether his client would intervene in the lawsuit, and, if not, whether she would drop her claim. Elizabeth Hermon's attorney promised by a letter in reply to furnish defendants' attorney with a letter setting forth his client's intentions, but did not do so. Elizabeth Hermon's claim, asserted through attorney Anderson, was never withdrawn.

On June 30, 1967, the defendants' motion for joinder of Elizabeth Hermon as an additional party defendant was sustained by the court, and subsequent thereto, service was had upon Elizabeth Hermon by publication pursuant to K. S. A. 60-307, as amended, the sheriff being unable to locate her in Wyandotte County, Kansas.

On September 6, 1967, the defendants moved the court for judgment by default pursuant to K. S. A. 60-255 (a), as amended, against Elizabeth Hermon, and on October 6, 1967, the court sustained the motion granting judgment against Elizabeth Hermon by default as prayed for in the defendants' counterclaim and cross-

claim for interpleader. The court further found the plaintiff was entitled to judgment for the amounts payable under the two insurance policies in question and deposited by the defendants with the clerk of the court. The court entered judgment accordingly and discharged the defendants from further liability for the payment of death benefits or insurance on the life of Robert Leon Hermon. The court further found the defendants were not entitled to recover reasonable attorneys' fees for the filing and prosecution of their counterclaim and cross-claim for interpleader. The defendants have taken no appeal from the order entered pursuant thereto.

On November 3, 1967, the trial court in an opinion letter sustained the plaintiff's motion for the allowance of attorneys' fees, and offered to hold a hearing on the sole subject of the amount of the attorneys' fee to be set by the court. Previous requests by the defendants for the court to hold a hearing on the plaintiff's motion for allowance of attorneys' fees were denied.

It should be noted that as of this time the trial court was not advised of the negotiations between counsel for the respective parties in an effort to settle the conflicting claims prior to the filing of the lawsuit.

The defendants' attorneys, in a letter to the court dated November 7, 1967, again requested the court to hold a hearing on plaintiff's motion for the allowance of attorneys' fees, and the court responded by notifying both parties on November 20, 1967, that a hearing would be held on November 22, 1967, "on the question of the amount of attorney fee."

Without advance notice to the defendants the court on November 22, 1967, agreed to hold a hearing on the plaintiff's motion for allowance of attorneys' fees, as well as on the amount of the attorneys' fees to be set, and proceeded to hold such a hearing where the evidence was presented. At the conclusion of the hearing the court again held that the plaintiff was entitled to an attorney fee under 40-256, *supra,* and set the amount of the fee at $2,000, of which $412 was taxed against Swift, and $1,588 was taxed against Globe.

After the trial court overruled the defendants' motion for a new trial, appeal was duly perfected to this court on the 4th day of January, 1968.

The material facts in this case on the issue presented are not in dispute. It may be said the situation is similar to one where the

parties have stipulated as to the facts. (See, *Wolf v. Mutual Benefit Health & Accident Association,* 188 Kan. 694, 366 P. 2d 219.) The question is whether the trial court properly applied the law to the foregoing facts by allowing an attorney fee to the plaintiff's attorney.

K. S. A. 40-256 provides:

"That in all actions hereafter commenced, in which judgment is rendered against any insurance company as defined in section 40-201 of the General Statutes of 1949, and including in addition thereto any reciprocal or inter-insurance exchange on any policy or certificate of any type or kind of insurance, if it appear from the evidence that such company or exchange has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company or exchange before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed."

Kansas cases construing this statute hold that it is only where an insurer refuses to pay "without just cause or excuse" that an allowance can be made to the insured for reasonable attorneys' fees. (*Parker v. Continental Casualty Co.,* 191 Kan. 674, 383 P. 2d 937; and cases cited therein.) It is also held this statute requires the insured to prove by a preponderance of the evidence that the insurer refused to pay "without just cause or excuse." (*Thompson Transport Co. v. Middlestates Construction Co.,* 195 Kan. 172, 403 P. 2d 999.)

The law applicable under the provisions of 40-256, *supra,* was fully discussed in *Wolf v. Mutual Benefit Health & Accident Association,* supra, and reference is made thereto without further discussion herein.

It does not appear from the evidence in this case the defendants refused without just cause or excuse to pay the amounts payable under the two insurance policies in question in this action.

It is undisputed the defendants, after the death of Robert Leon Hermon, were confronted with conflicting claims by two claimants, each of whom was represented by an attorney. The defendants were at all times ready, willing and able to pay the full proceeds of their respective policies to the party or parties legally entitled thereto. They stated not only their willingness to pay, but their intention to file an interpleader action if the conflicting claimants persisted in their claims, and the defendants were thereafter in-

formed that the two claimants were attempting to negotiate their differences. When the defendants were not notified of an agreement between the two claimants, they informed claimants' respective attorneys that the defendants would file an interpleader action if an agreement was not reached before a certain date. At a time when the defendants understood that negotiations were still pending between the claimants to the insurance proceeds, one of the claimants (plaintiff herein) brought suit against Swift only, but claimed the proceeds payable not only by Swift but under the Globe policy as well. The defendant Globe on its own initiative pointed out to the plaintiff that it had not been joined as a defendant but should be joined in order that it might interplead and deposit its insurance proceeds with the court to be paid in accordance with the determination of the court. The defendants requested and were granted by the trial court the right to interplead the two contending claimants, and both defendants deposited the insurance proceeds payable under their respective policies with the court in order that the proceeds might be paid by the clerk of the court to the party or parties found to be legally entitled thereto. The trial court entered judgment for the plaintiff for the sum deposited with the court and not for the full amount of $9,000, for which the plaintiff brought suit.

Under these circumstances we hold as a matter of law the defendants did not refuse to pay the insurance proceeds to the plaintiff without just cause or excuse within the meaning of 40-256, *supra*. That statute does not authorize assessment of attorneys' fees against an insurance company where the insurance company was at all times willing to pay the insurance proceeds to the party legally entitled thereto, when it only required that in paying the proceeds it be protected against multiple lawsuits and possible double liability. Since the defendants were confronted with two conflicting claims to the same proceeds, they were justified in withholding payment to either claimant pending an agreement between the claimants, and failing that, a determination by the court.

The appellee argues in the case at bar she was the designated beneficiary; that there was no question raised as to the default in premium payment; that proof of loss was shown by a certificate disclosing the death of Robert Leon Hermon on August 16, 1966; and that the beneficiary under the two policies was never changed.

Under these circumstances it is claimed she made proof of loss

within a reasonable time for the benefits under these contracts, and was entitled to allowance of a reasonable attorney fee by reason of the delay of the insurance companies in making payment. It is argued the companies under K. S. A. 60-222 had a right to file an action of interpleader to be relieved of double liability. (Citing *Equitable Life Ins. Co. of Iowa v. Dinoff*, 72 F. Supp. 723 [D. Kan. 1947].)

In the trial court the defendants were granted the right to interplead under 60-222, *supra*, and no one questioned their right to do so. Under K. S. A. 60-222 (*a*) persons having claims against a defendant may be joined as addtional defendants and required to interplead when their claims are such that the defendants are or may be exposed to double or multiple liability. The statute clearly permits interpleader in situations where a defendant is faced with conflicting claims, and it does not require a defendant to forego interpleader relief when one of several conflicting claims may appear to have more merit that the others.

Although our research has disclosed no Kansas cases which have directly passed on the question, a number of cases from other jurisdictions uphold the right of an insurance company to interplead whenever it is faced with conflicting claims and the threat of multiple liability, regardless of its opinion as to the merits of the conflicting claims. (*Hunter v. Federal Life Ins. Co.*, 111 F. 2d 551 [8th Cir. 1940]; *Equitable Life Assur. Soc. of United States v. Maloney*, 85 F. Supp. 212 [E. D. Mo. 1948]; *Equitable Life Ins. Co. of Iowa v. Gilman*, 114 F. Supp. 387 [W. D. Mo. 1953]; *United Benefit Life Insurance Company v. Katz*, 155 F. Supp. 391 [E. D. Pa. 1957]; and *New York Life Insurance Company v. Welch*, 297 F. 2d 787 [D. D. C. 1961].)

In *Hunter v. Federal Life Ins. Co.*, supra, it was said:

"The jurisdiction of a federal court to entertain a bill of interpleader is not dependent upon the merits of the claims of the defendants. . . ." (p. 556.)

In *New York Life Insurance Company v. Welch*, supra, the United States Court of Appeals for the District of Columbia Circuit said:

"The interpleader statute is liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability. *Metropolitan Life Ins. Co. v. Segaritis*, 20 F. Supp. 739 (E. D. Pa. 1937). A stakeholder, acting in good faith, may maintain a suit in interpleader to avoid the vexation and expense of resisting adverse claims, even though he believes only one of them is meritorious. . . ." (p. 790.)

Insofar as we are concerned with interpleader in this action, K. S. A. 60-222 (*a*) is the same as Federal Rule 22 (1), and federal decisions in point construing it are persuasive.

The appellee argues the widow has never made formal claim to the proceeds with the insurance companies. But this is immaterial. In *Knoll v. Socony Mobil Oil Company*, 369 F. 2d 425 (10th Cir. 1966), it was said:

"Appellants argue that the trial court lacked jurisdiction to entertain interpleader because, as they maintain, it does not appear that the named defendants had made adverse claims to the fund. A conclusive answer to this is that the present act (Title 28 U. S. C. § 1335) is not limited to adverse claimants who 'are claiming,' but also includes two or more adverse claimants who 'may claim' to be entitled. There must be a real risk of vexatious, conflicting claims but certainly that is present here. . . ." (p. 428.)

Two cases in which the allowance of attorneys' fees were considered on facts similar to those in the instant case—where conflicting claims were made over insurance proceeds between the divorced wife and a widow of the decedent—are *Equitable Life Assurance Society v. Hughes*, 152 F. Supp. 187 (E. D. Ark. 1957); and *Equitable Life Assurance Society v. Nichols*, 84 So. 2d 500 (Fla. 1956). In the *Hughes* case the insurer filed an interpleader suit in federal court to obtain a determination as to which of the claimants residing in different states was entitled to the proceeds of the policy. One of the claimants had previously filed an action in the circuit court of Jefferson County, Arkansas, seeking recovery on the policy.

Our holding in the instant case is consistent with the decisions in these cases.

It should be noted on the facts in this case we are not confronted with an unreasonable delay in the payment of the proceeds on the policies in question or with unreasonable delay in the filing of an interpleader action by the insurance companies. The facts disclose that Swift was pressing the two claimants to resolve their difficulty so that settlement could be effected. In fact, a representative of Swift on the day the plaintiff filed this lawsuit, without knowledge of the lawsuit, wrote that Swift would be required to instigate interpleader action unless the claimants reached agreement by March 1, 1967, as to the distribution of the insurance proceeds.

The judgment of the lower court is reversed.