**AETNA U.S. HEALTHCARE, Plaintiff,**

v.

**Jeanette HIGGS, et al., Defendants.**

**No. 96–2525–JWL.**

United States District Court,
D. Kansas.

April 16, 1997.

John W. Cowden, Stacy L. Cook, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, MO, for Aetna U.S. Healthcare.

Frank D. Taff, Topeka, KS, Joseph M. Weiler, Alderson, Alderson & Montgomery, Topeka, KS, for Jeanette Higgs, Jerry Higgs, II, Cedric B. Higgs, Myckel N. Higgs, Jerlisa Higgs.

Barry E. Warren, Scott R. Flucke, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Barry E. Warren, Jerlisa Higgs.

Joseph F. Reardon, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for Joseph F. Reardon, Cedric James Brown, Myckel Aaron Neal.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff insurance company has filed the present interpleader action concerning $27,-000 in life insurance proceeds. The matter is presently before the court on plaintiff's motion to be dismissed and for other relief (Doc. 20). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

■ Federal rule 22 [1] permits a stakeholder to bring an interpleader action when it may be exposed to multiple liability. Fed. R.Civ.P. 22. Plaintiff asserts that it may be exposed to multiple claims for the insurance proceeds because defendant Jeanette Higgs, the primary beneficiary under the policy and the insured's wife, has not been ruled out as a suspect in the killing of the insured. *See Harper v. Prudential Ins. Co.*, 233 Kan. 358, 367, 662 P.2d 1264 (1983) (beneficiary of a life insurance policy who feloniously kills the insured may not recover under the policy, whether or not the beneficiary has been convicted of the crime). If Ms. Higgs may not recover under the policy, the proceeds would go to the contingent beneficiaries, the insured's children, who have been joined as defendants in this action.

The court concludes that interpleader is appropriate here. The court agrees that there is not nearly as much evidence of the beneficiary's involvement in the killing here as was present in *Harper*. Nevertheless, both the Kansas Supreme Court and the Tenth Circuit have demonstrated a clear preference for the interpleader process in cases of this type. *See Harper*, 233 Kan. at 372, 662 P.2d 1264; *Glass v. United States*, 506 F.2d 379 (10th Cir.1974). Because there remains the possibility of adverse claims for the proceeds, the court will follow that preference here and allow defendants to litigate their entitlement to the proceeds in this action. Plaintiff is thus ordered to deposit $27,000, the full amount of the proceeds, into the court registry.

■ The court denies plaintiff's request to have its attorney fees paid out of the proceeds, however. "The award of fees and costs to an interpleader plaintiff, or 'stakeholder', is an equitable matter that lies within the discretion of the trial court." *Transamerica Premier Ins. Co. v. Growney*, 1995 WL 675368, at *1 (10th Cir. Nov.13, 1995). As a general rule, fees are charged against the fund deposited with the court. *Id.; United States Fidelity & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir.1975).

■ "Attorney's fees and costs are not allowed as a matter of course," however. *Mutual Benefit Life Ins. Co. v. Johnson County Bank*, 1990 WL 126926, at *1 (D.Kan. July 20, 1990). "The insurer may not transfer part of the ordinary costs of doing business to the insured by bringing an interpleader action." *Id.* (citing *Travelers Indem. Co. v. Israel*, 354 F.2d 488 (2d Cir. 1965)); *see also Metropolitan Property & Casualty Ins. Co. v. Long*, 1995 WL 781215, at *2 (D.Kan. Dec.13, 1995) (not appropriate in interpleader action to award fees to plaintiff insurance company "because it would typically accrue those costs in the settlement of any claim"); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 1719 ("[I]t has been noted that filing interpleader proceedings because of the conflicting claims of beneficiaries is part of the ordinary course of business for insurers and those costs should not be borne by the fund."). Moreover, some courts have denied insurance company stakeholders their fees and costs "because they satisfy a self interest in not paying the wrong beneficiary by filing an interpleader." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 1719.

The court concludes in its discretion that plaintiff is not entitled to an award of fees from the fund here. Plaintiff is not merely a bystander; rather, it is in the business of distributing proceeds from insurance policies. The court does not believe that plaintiff should be permitted to shift the cost of dis-

---

1. Statutory interpleader is not available here because all of the defendants are residents of Kansas. *See* 28 U.S.C. § 1335(a). Rule interpleader, however, is generally governed by the same principles that apply under the statute. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 1701–1721 (2d ed. 1986).

tributing the proceeds in this case to someone else. The facts that plaintiff does benefit from the interpleader process and that plaintiff's entitlement to that process in this case presented a close question further weigh against an award of fees here. Accordingly, plaintiff may not deduct any amount for its fees in depositing the proceeds into the court. *See Metropolitan Property,* 1995 WL 781215, at *2 (plaintiff insurer incurred own fees and costs; not appropriate or equitable for court to award fees); *Mutual Benefit,* 1990 WL 126926, at *1 (plaintiff insurer incurred its own fees and costs and so could not recover them from the interpleaded funds).

 Ms. Higgs seeks to recover her own attorney fees from plaintiff under K.S.A. § 40–256. That statute provides that, in an action on an insurance policy, fees are allowed if the insurance company has refused without just cause or excuse to pay the claim. *Harper,* 233 Kan. at 372, 662 P.2d 1264 (citing K.S.A. § 40–256). The court concludes that Ms. Higgs is not entitled to fees here.

The Kansas Supreme Court refused to award fees in a similar situation in *Macek v. Swift & Co. Employees Benefit Ass'n,* 203 Kan. 581, 455 P.2d 521 (1969). There the court stated:

> Under these circumstances we hold as a matter of law the defendants did not refuse to pay the insurance proceeds to the plaintiff without just cause or excuse within the meaning of 40–256.... That statute does not authorize assessment of attorneys' fees against an insurance company where the insurance company was at all times willing to pay the insurance proceeds to the party legally entitled thereto, when it only required that in paying the proceeds it be protected against multiple lawsuits and possible double liability.

*Id.* at 588, 455 P.2d 521.

In *Club Exchange Corp. v. Searing,* 222 Kan. 659, 567 P.2d 1353 (1977), the Kansas Supreme Court again denied fees under section 40–256 in an interpleader action. *Id.* at 664, 567 P.2d 1353. The court noted that the interpleader rule did not authorize such fees, and it could find "no federal case in which counsel fees [had] been awarded to defendants in interpleader actions." *Id.* The court

then ruled that there had been no unjustified refusal to pay under section 40–256 because the insurer had "expressed a willingness to pay, upon direction of the court, the amount for which it [was] liable under its policy limits." *Id.*

As in *Macek* and *Club Exchange,* the interpleader defendants are not entitled to an award of fees under K.S.A. § 40–256. Plaintiff has been willing to pay out the proceeds, albeit to the court; accordingly, plaintiff has not refused to pay without just cause, and the statute does not apply.

 Finally, the court agrees with plaintiff that interest is due on the proceeds under K.S.A. § 40–447. Plaintiff is thus directed to deposit with the court the entire $27,000 in proceeds, plus interest at the rate specified in section 40–447 accruing from 10 days after plaintiff's receipt of proof of death until the date of the deposit with the court.

 As a disinterested stakeholder, plaintiff is entitled to dismissal from the suit. *See General Atomic Co. v. Duke Power Co.,* 553 F.2d 53, 56 (10th Cir.1977). Accordingly, upon proof to the court that it has made the deposit ordered hereunder, plaintiff will be dismissed from the action and granted an injunction prohibiting further proceedings against it concerning the proceeds.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion regarding its interpleader action (Doc. 20) is granted in part and denied in part. Plaintiff shall deposit into the court registry the entire proceeds of the policy at issue ($27,000) plus the interest that has accrued under K.S.A. § 40–447 to the date of the deposit. Upon proof of such deposit, the court will dismiss plaintiff and issue an injunction prohibiting further action against plaintiff. Plaintiff is not entitled to its attorney fees and costs.

**IT IS FURTHER ORDERED THAT** defendant Jeanette Higgs's request for attorney fees is denied.

**IT IS SO ORDERED.**