NOTE: This opinion is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER C. NWOGU,** doing business as**, ENVIRONMENTAL SAFETY CONSULTANTS, INC.,** *Plaintiff-Appellant,*

**v.**

**UNITED STATES,** *Defendant-Appellee.*

---

2011-5015

---

Appeal from the United States Court of Federal Claims in Case No. 09-CV-268, Judge Marian Blank Horn.

---

Decided: October 31, 2012

---

FRANCIS O. KADIRI, of Stone Mountain, Georgia, for plaintiff-appellant.

DAVID D'ALESSANDRIS, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney

General, JEANNE E. DAVIDSON, Director, and BRYANT G. SNEE, Deputy Director.

_____

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Peter C. Nwogu, doing business as Environmental Safety Consultants, Inc. ("ESCI"), appeals the United States Court of Federal Claims ("Claims Court") decision rejecting his various claims related to two government contracts. We affirm-in-part, reverse-in-part, vacate-in-part, and remand.

I.

This case arises from two government contracts the Department of the Navy ("Navy") awarded ESCI. In the first, Contract No. N62472-90-C-5164 ("Contract I") awarded on May 23, 1991, ESCI was to remove, transport, and dispose of industrial waste sludge from two lagoons at the Naval Air Development Center in Warminster, Pennsylvania. In 1995, the Navy awarded ESCI a second contract, Contract No. N62470-95-C-2399 ("Contract II"), to remove storage tanks at a facility in Yorktown, Virginia.

ESCI had difficulty completing Contract I and, in March 1992, entered into a bilateral agreement with the Navy to terminate the contract. In June of that year, ESCI filed a claim against the Government with the contracting officer ("CO") for equitable adjustment in the amount of $150,587.95.[1] On February 2, 1994, the CO

_____

[1] Equitable adjustments are corrective measures that make a contractor whole when the Government modifies a contract." *Int'l Data Prods. Corp. v. United*

issued a Contracting Officer's Final Decision ("COFD") awarding ESCI $10,869.00. After a series of appeals before the Armed Services Board of Contract Appeals ("ASBCA" or "Board"), ESCI was awarded $93,989.00, plus interest, under Contract I.[2] *See Envtl. Safety Consultants, Inc.*, ASBCA No. 53485, 05-02 BCA ¶ 33,073, at 163,937-38. The Government and ESCI both appealed that award to this court in Case No. 2006-1180. After the Government indicated to ESCI that the company's appeal was likely untimely and would be opposed as such, the parties filed joint motions to voluntarily dismiss the appeals, which this court granted on March 29, 2006. Thus, ESCI's award of $93,989.00, plus interest, under Contract I is final.

ESCI also had difficulty completing Contract II, and on June 6, 1998, a COFD terminated the contract for default.[3] A separate, December 3, 2001 COFD ruled that ESCI owed the Navy $167,691.75 in reprocurement costs and liquidated damages as a result of the default and stated that if the Government did not receive payment within 30 days, it could withhold and setoff the debts

---

*States*, 492 F.3d 1317, 1325 (Fed. Cir. 2007). ESCI filed a claim alleging it incurred costs in performing Contract I because the "waste sludge [was] materially different from the information specified in the contract."

[2] In addition to seeking equitable adjustment, ESCI also sought recovery for its costs pursuant to Contract I, *quantum meruit*, and damages as a result of alleged procurement fraud, bad faith and conspiracy. On February 29, 2000, the ASBCA found that it lacked jurisdiction to entertain ESCI's *quantum meruit*, conspiracy, and punitive damages claims and that there was no evidence of bad faith on the part of the Government. *Envtl. Safety Consultants, Inc.*, ASBCA No. 47498, 00-1, BCA ¶ 30,826, at 152,146-48.

[3] The COFD was issued as a modification to Contract II.

owed to ESCI to secure payment.[4]   ESCI appealed the COFD's termination of Contract II for default to the ASBCA and also claimed an equitable adjustment of $334,687.85 for breach of contract, entitlement to additional compensation, and specific performance.   After a series of appeals, the ASBCA eventually dismissed with prejudice ESCI's money claims regarding Contract II in their entirety, *see Envtl. Safety Consultants, Inc.*, ASBCA No. 54615, 07-1 BCA ¶ 33,483, leaving only the "propriety of the termination for default" for the Board to consider,[5] *see Envtl. Safety Consultants, Inc.*, ASBCA No. 51722, 02-2 BCA ¶ 31,951.   On September 28, 2011, the ASBCA converted the Navy's termination of Contract II for default to one of convenience to the Government. *Envtl. Safety Consultants, Inc.*, ASBCA No. 51722, 11-2 BCA ¶ 34,848.   The Government appealed that decision to this court on January 24, 2012, but on June 5, 2012, we granted the parties' joint motion to voluntarily dismiss the appeal.   Thus, it is settled that Contract II was terminated for convenience of the Government, not default.

---

[4]   On August 11, 2009, the Defense Finance and Accounting Services ("DFAS") notified ESCI that it had setoff ESCI's Contract I judgment of $93,989.00, plus interest, against the Government's Contract II judgment of $167,691.75, plus interest.

[5]   Although ESCI appealed the COFD that determined Contract II was terminated for default, it did not challenged the ASBCA's determination that ESCI's alleged default entitled the Government to $167,691.75 in reprocurement costs and liquidated damages. *Nwogu v. United States*, 94 Fed. Cl. 637, 659 (2010) ("ESCI filed an appeal on the contracting officer's June 1998 termination for default under Contract II, but did not appeal the December 3, 2001 COFD, which assessed $167,691.75 in liquidated damages and reprocurement costs, also on Contract II.").

Setoff has been a consistent issue throughout the disputes over Contracts I and II. For instance, in a June 2002 ASBCA proceeding regarding the amount owed to ESCI under Contract I, the Government notified the Board that it had a claim against ESCI under Contract II. However, the ASBCA determined the setoff issue was not "within the scope of this appeal" and therefore found it was immaterial. *Envtl. Safety Consultants, Inc.*, ASBCA No. 53485, 02-2 BCA ¶ 31,904.

In the Claims Court case now on appeal, filed on April 28, 2009, ESCI attempted to obtain the $93,989.00 judgment, plus interest,[6] owed to it under Contract I and additionally brought a breach of contract claim and a claim for *quantum meruit* recovery under Contract I. *Nwogu v. United States*, 94 Fed. Cl. 637, 646 (2010). ESCI also alleged various discriminatory practices including claims under the Fifth (due process and takings), Thirteenth (slavery), and Fourteenth (due process and equal protection) Amendments. *Id.* ESCI further argued that the Government had breached an oral settlement agreement to pay ESCI the amount owed to it under Contract I in exchange for voluntarily agreeing to dismiss its appeal to this court in 2006. *Id.* at 655.

The Claims Court issued its decision on August 30, 2010 and dismissed ESCI's due process, equal protection, slavery, takings, civil rights, and *quantum meruit* claims for lack of subject matter jurisdiction. *Id.* at 649-51; 661-62. Additionally, the Claims Court rejected several of ESCI's claims as time barred. *Id.* at 652-53. With respect to ESCI's breach of contract claim, the Claims Court held, among other things, that the Contract Disputes Act's ("CDA") 12-month statute of limitations had elapsed, *id.*

---

[6] ESCI claimed pre-judgment interest of $176,416.20 and post-judgment interest of $56,544.72.

at 652 ("The court notes that even if the plaintiff's 12-month CDA clock had begun with the conclusion of ASBCA proceedings on Contract I . . . an April 28, 2009, CDA based complaint filed in [the Claims Court] would not have been timely"), and that those issues already decided by the ASBCA were barred under *res judicata*, *id.* at 655.[7] In response to ESCI's argument that the Government breached an oral settlement agreement, the Claims Court found that "[t]he record . . . is devoid of support for the sort of agreement [ESCI] conjectures. Nor is such an agreement plausible or credible." *Id.* at 657.

The Claims Court also held that it lacked jurisdiction to enforce the ASBCA's judgment in favor of ESCI under Contract I, *id.* at 657, and that the Government "has a setoff defense against collection of [ESCI's] ASBCA adjudicated entitlement for $93,989.00, plus interest, on Contract I," *id.* at 659. It is important to note that when the Claims Court issued its opinion, ESCI's challenge to the COFD that determined Contract II was properly terminated for default was still pending. As a result, the Claims Court reasoned that "the setoff monies owed for reprocurement costs and liquidated damages could be impacted by a decision in favor of [ESCI] . . . should the Board overturn the Navy's termination for default." *Id.*

Thus, the Claims Court dismissed "all of [ESCI's] claims" and held that "[a]t this time, the [Government] has a legitimate right to maintain a setoff defense on the award to [ESCI] on Contract I of $93,989.00, pending resolution of [ASBCA] Case No. 51722 on Contract II . . . ." *Id.* at 662. ESCI timely appealed the Claims Court

---

[7] The Claims Court further held that "once [ESCI] made an election of forum to pursue its appeal of a COFD on Contract I and II at the ASBCA, it could not pursue an appeal of the same COFDs in [that] court." *Nwogu*, 94 Fed. Cl. at 653.

decision.   We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

We review *de novo* the Claims Court's dismissal of a claim for lack of jurisdiction. *Adair v. United States,* 497 F.3d 1244, 1250 (Fed. Cir. 2007).  Generally, the application of a statute of limitations is jurisdictional. *See Jones v. United States,* 801 F.2d 1334, 1335 (Fed. Cir. 1986). We review questions of law decided by the Claims Court *de novo. Roth v. United States,* 378 F.3d 1371, 1381 (Fed. Cir. 2004).

ESCI's primary purpose in this appeal is to obtain the judgment awarded to it by the ASBCA under Contract I. First, ESCI faults the Claims Court for holding that the Government could set off the amount due to ESCI under Contract I ($93,989.00, plus interest) with the amount the COFD determined ESCI owed the Government under Contract II ($167,691.75).  ESCI contends that the Claims Court's decision regarding setoff was a "suspen[sion]" of the CDA, ESCI Br. at 17, and that the ASBCA's June 2002 decision, which concluded that the Government's setoff claim was not relevant to the proceeding, requires the Government to pay ESCI the amount owed under Contract I, notwithstanding any amount owed to the Government under Contract II.  In contrast, the Government argues that it is entitled to a common law right of setoff and that the ASBCA has never held that the Government is not entitled to setoff.

Second, ESCI avers that the Claims Court wrongly denied its breach of contract claim.  Appellant contends that its claim for breach of contract related to Contract I is not time-barred, because of equitable tolling under 41

U.S.C. § 7104(b) and 41 U.S.C. § 7103.[8]  Appellant appears to argue that, although it previously brought an equitable adjustment claim related to Contract I before the ASBCA, it had never brought a breach of contract claim related to Contract I and that the statute of limitations relating to that claim should be tolled for the time ESCI was seeking to exhaust its administrative remedies under the equitable adjustment claim.  The Government argues that, regardless of whether ESCI's claims were tolled while it litigated claims before the ASBCA, ESCI's Claims Court Complaint was still untimely, among other things.[9]

Third, ESCI argues that the Claims Court erred in failing to hold an evidentiary hearing to determine whether the Government breached an oral settlement agreement.  The Government contends that the first time ESCI ever alleged there was an oral settlement agreement was in January 2010 and that ESCI has failed to cite any evidence supporting its allegation.

Recent events force us to vacate the Claims Court's decision regarding the Government's right to setoff.  On June 6, 1998, the COFD terminated Contract II for default on the part of ESCI.  Based on the understanding

---

[8]   41 U.S.C. § 7104(b) was previously codified at 41 U.S.C. § 609(a) and 41 U.S.C. § 7103(a)(4)(A) was previously codified at 41 U.S.C. § 605(a).

[9]   The Government further contends that the ASBCA addressed all of the claims ESCI submitted to the Claims Court and that Appellant's election to appeal various COFDs to the ASBCA precluded ESCI from challenging those COFDs to the Claims Court.  Additionally, the Government argues that ESCI did not raise the issue of equitable tolling of 41 U.S.C. § 7104(b) before the Claims Court and that, as a result, the argument is waived.  As discussed below, even if we entertain ESCI's argument it is unpersuasive.

that Contract II was properly terminated for default, a COFD awarded the Government $167,691.75 in reprocurement costs and liquidated damages. Although the Claims Court held that the Government was entitled to set off the amount owed to ESCI under Contract I with the amount the COFD found ESCI owes the Government under Contract II, the Claims Court explained:

> [T]he setoff monies owed for reprocurement costs and liquidated damages could be impacted by a decision in favor of the plaintiff in ASBCA Case No. 51722 should the [ASBCA] overturn the Navy's termination for default. The parties and the court only can speculate at this time as to how the ASBCA will rule and what impact the ruling might have on the [Government's] setoff. [ESCI's] appeal to the ASBCA on the default termination remains pending as of the date of this opinion . . . . At this point in time, . . . until the COFD termination decision is overturned, the government possesses a right of setoff, based on the second COFD in Contract II.

*Nwogu*, 94 Fed. Cl. at 659.[10] In September 2011, almost a year after the Claims Court issued its decision in this case, the ASBCA ruled that Contract II was not properly terminated for default and converted the termination to one for convenience of the government. *Envtl. Safety Consultants, Inc.*, ASBCA No. 51722, 11-2 BCA ¶ 34,848 at 171,433. That ASBCA decision drastically changed the posture of the Government's asserted setoff defense. As a

---

[10] Similarly, the Government stated in its brief, which was filed before the ASBCA's September 2011 decision, that if the then-pending appeal was sustained, the Government might have to re-evaluate whether, or to what extent, setoff is available. Gov't Br. at 15-16; 18.

result, we vacate the Claims Court's opinion with respect to the setoff issue.[11]

However, we affirm the Claims Court's decision regarding ESCI's breach of contract claims. The CDA requires a contractor to appeal a COFD "within 90 days from the date of the receipt of the contracting officer's decision" to an agency, such as the ASBCA, or, "in lieu of appealing the decision of a contracting officer under [41 U.S.C. § 7103] to an agency board," a contractor may bring an action "directly on the claim in the United States Court of Federal Claims," within 12 months. 41 U.S.C. § 7104. ESCI and the Government terminated Contract I in March 1992. ESCI brought a claim to the CO relating to that termination in June 1992 and the COFD regarding that claim was issued on February 2, 1994. We dismissed the appeals to this court related to that COFD on March 29, 2006. Yet, it was not until April 28, 2009 that ESCI filed its breach of contract and *quantum meruit* claims related to Contract I with the Claims Court. Even if we did toll the 12-month statute of limitations associated with bringing claims to the Claims Court, 41 U.S.C. § 7104(b), for the time ESCI was litigating its other claims related to the February 1994 COFD, its Claims Court Complaint was still untimely. Therefore, the

---

[11] We note, however, that ESCI misinterprets the ASBCA's previous decisions regarding setoff. The ASBCA has never ruled that the Government is not entitled to setoff. Rather, quite to the contrary, the ASBCA has acknowledged that the Government may be entitled to setoff, but that the right to setoff was not directly relevant in the June 2002 proceeding regarding Contract I. *See Envtl. Safety Consultants, Inc.*, ASBCA No. 53485, 02-2 BCA ¶ 31,904, at 157,612.

Claims Court properly held that ESCI's breach of contract and related claims were untimely.[12]

Additionally, we affirm the Claims Court's decision that no further factual inquiry was needed to decide there was insufficient evidence to support ESCI's allegation that the Government breached an oral settlement agreement. ESCI concedes in its brief to this court that it "has no written memorandum of the terms and conditions" regarding the alleged settlement agreement. ESCI Br. at 12. As the Claims Court correctly stated, ESCI "has not demonstrated the existence of the alleged agreement, nor that there was a meeting of the minds on the critical elements of the alleged agreement, or that any individual with the requisite authority consented to such an agreement on behalf of the government." *Nwogu*, 94 Fed. Cl. at 656 (citing *La Van*, 382 F.3d at 1346). ESCI's allegation is baseless and was rightly rejected.

Last, to the extent the Claims Court found it lacked jurisdiction to order payment of the ASBCA judgment, we reverse. The Tucker Act grants jurisdiction to the Court

---

[12] We also reject ESCI's argument that the statute of limitations requiring a contractor to submit a claim to a CO within six years from the date a claim accrued should be tolled to allow the company to bring a new claim related to Contract I or Contract II. 41 U.S.C. § 7103(a)(4)(A) ("Each claim by a contractor against the Federal Government relating to a contract and each claim by the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim."); *see* 41 U.S.C. § 7103(a)(1) ("Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision."). ESCI offers no convincing reason why it could not have submitted its claims to a CO within the six-year window or should otherwise be entitled to equitable tolling.

of Federal Claims "to render judgment upon any claim against the United States founded . . . upon . . . any Act of Congress . . . ." 28 U.S.C. §1491(a)(1). "The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore a claimant "must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). "[A] statute creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). "This 'fair interpretation' rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity." *Id.*

ESCI identifies the Contracts Disputes Act, 41 U.S.C. §§ 612 (a) and (b) (now codified at 41 U.S.C. §§ 7108, effective Jan. 4, 2011), as mandating payment of money by the United States government and thus providing jurisdiction under the Tucker Act. Sections 612(a) and (b) state:

> (a) Judgments[:] Any judgment against the United States on a claim under this chapter shall be paid promptly in accordance with the procedures provided by section 1304 of title 31.

> (b) Monetary awards[:] Any monetary award to a contractor by an agency board of contract appeals shall be paid promptly in accordance with the procedures contained in subsection (a) of this section.

*Id.* We conclude that this statute is money-mandating. *White Mountain Apache Tribe*, 573 U.S. at 472. This provision therefore creates a substantive cause of action for Mr. Nwogu's claim for payment of the ASBCA judgment, cognizable under Tucker Act jurisdiction.

## III.

For the reasons discussed above, and because we find that Mr. Nwogu's remaining arguments are without merit, we affirm-in-part, reverse-in-part, vacate-in-part, and remand the case to the Claims Court for enforcement of Mr. Nwogu's award of $93,989, plus appropriate interest, thereon.

**AFFIRMED-IN-PART, REVERSED-IN-PART, VACATED-IN-PART, AND REMANDED.**

No Costs.