# United States Court of Appeals for the Federal Circuit

---

**IN RE PETER C. NWOGU,**
**(doing business as Environmental Safety Consultants, Inc.),**
*Petitioner.*

---

2013-M166

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 09-CV-0268, Judge Marian Blank Horn.

---

**ON PETITION**

---

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*
Dissenting opinion filed by *Circuit Judge* WALLACH.

NEWMAN, *Circuit Judge.*

## O R D E R

Petitioner Peter C. Nwogu, doing business as Environmental Safety Consultants, Inc. ("ESCI"), challenges the United States Court of Federal Claims' stay of enforcement of a $93,989 judgment against the Government. The Federal Circuit affirmed the judgment, but on re-

mand the Court of Federal Claims stayed payment of the award pending the outcome of other proceedings before the Armed Services Board of Contract Appeals ("ASBCA"). ESCI contends that this is a departure from this court's mandate, and points out that the other proceedings concern an unrelated contract and do not affect this judgment. It further appears that several other proceedings have been terminated insofar as they might result in an award in favor of the government.

ESCI asks us to order the Court of Federal Claims to vacate the stay of payment. We agree that payment is required, and remand to the Court of Federal Claims for payment of the judgment, including accrued interest as appropriate.

### BACKGROUND

The facts and procedural history of this federal contract case are set forth in *Nwogu v. United States*, 497 Fed. Appx. 952 (Fed. Cir. 2012); we recount only those pertinent to this petition. The dispute arose out of a contract awarded to ESCI to remove, transport, and dispose of industrial waste sludge from lagoons at Naval Centers in Warminster, Pennsylvania ("Contract I"), and a contract to ESCI to remove storage tanks in Yorktown, Virginia ("Contract II").

For Contract I, the parties agreed to terminate the contract, leading to a September 2005 judgment of the ASBCA in favor of ESCI in the amount of $93,989.00, plus interest. This is the award here at issue. The government did not pay this award, citing the pendency of a dispute related to Contract II.

As to Contract II, the Navy's Contracting Officer initially terminated this contract for default and ruled that ESCI owed the Government $167,691.75 in reprocurement costs and liquidated damages. ESCI appealed Contract II to the ASBCA, and in September 2011 the

ASBCA converted the termination of Contract II for default to one of convenience to the Government. *Envtl. Safety Consultants. Inc.*, ASBCA No. 51722, 11-2 BCA ¶ 34,848.

While the Contract II proceedings were ongoing, ESCI asked the Court of Federal Claims to enforce the ASBCA judgment on Contract I. The Government moved for dismissal, arguing that the court lacked jurisdiction of various claims asserted in the Contract I complaint and that the Government had a right of setoff based on damages owed to the Government under Contract II. In August 2010 the court granted the Government's motion and dismissed the enforcement action based on the asserted right of setoff.

ESCI appealed to the Federal Circuit, and we vacated the dismissal in view of the ASBCA's final decision to convert the termination of Contract II to one of convenience of the government. We also reversed the holding of the Court of Federal Claims that it lacked jurisdiction to order payment of the judgment. We remanded "for enforcement of Mr. Nwogu's award of $93,989, plus appropriate interest, thereon."

On remand, the Government informed the Court of Federal Claims that four ASBCA proceedings remained pending, which the Government asserted could impact ESCI's recovery under Contract II, and thus effect a setoff against the award for Contract I. Those four ASBCA proceedings were: (1) ESCI's action to enforce the ASBCA judgment on Contract I (No. 53485); (2) ESCI's claims for payment of an invoice for Contract II (Nos. 58221/58847); (3) ESCI's appeal of the termination for default of Contract II (No. 51722); and (4) ESCI's appeal from a deemed denied claim for termination for convenience from Contract II (No. 58343).

In April 2013 the Court of Federal Claims stayed the remand proceedings pending resolution of the four ASBCA matters, and directed the Government to file monthly status reports. ESCI moved for reconsideration, asserting that this court's mandate required the Court of Federal Claims to enter the judgment in its favor. After four months of inaction on this motion, ESCI filed this petition for a writ of mandamus.

According to the Government's status report filed at the Court of Federal Claims on July 3, 2014, the only ASBCA action that the Government considers pending is No. 58343, which the Government describes as "ESCI's appeal of its termination for convenience claim on the Yorktown contract."

## DISCUSSION

A function of mandamus "is to assure that a trial court complies with the spirit as well as the letter of the mandate issued to that court" by a court of appeals. *In re Cont'l Ill. Secs. Litig.*, 985 F.2d 867, 869 (7th Cir. 1993); *see also In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255–56 (1895) (If the lower court "does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount) or by a writ of mandamus to execute the mandate[.]"); *Vizcaino v. U.S. Dist. Court*, 173 F.3d 713, 719 (9th Cir. 1999).

The rationale for mandamus relief is two-fold: First, disregard of appellate mandates would undermine the supervisory role of the courts of appeals within the federal judicial system. *Vizcaino*, 173 F.3d at 719. Second, "litigants who have proceeded to judgment in higher courts 'should not be required to go through that entire process again to obtain execution of the judgment.'" *Id.* (citing *General Atomic Co. v. Felter*, 436 U.S. 493, 497 (1978)). Thus, the question is whether the Court of Federal Claims "strictly" complied with this court's mandate.

*Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001).

We agree with ESCI that the stay was an unlawful deviation from this court's mandate. In our remand decision we observed that Contract II was no longer held in default, and ordered payment of the judgment on Contract I. We did not invite further delay, or new issues, or additional reasons not to pay the judgment awarded in 2005, entitlement to which has never been disputed as to Contract I. By vacating the decision that the Government could properly withhold payment, our mandate precluded the Court of Federal claims from staying payment.

The Government argues that a stay of all proceedings is appropriate pending disposition of the four ASBCA actions, because the Government intends to set-off this judgment against any amount that might be due to the Government on Contract II. However the government has not shown that it is in a position to collect any monetary damages from ESCI in the ASBCA appeals. *See* Def. Status Report at 2–6, *Nwogu v. United States*, No. 09-268, ECF No. 73 (July 3, 2014). In ASBCA Appeal No. 51722, judgment was entered in favor of ESCI; the record does not show the status of ESCI's claim for EAJA fees. ASBCA Appeal No. 53485 is ESCI's action to enforce the judgment here at issue concerning Contract I, the Government stating that it "does not consider this case to be pending before the ASBCA." ASBCA Appeal No. 58221 is a second appeal of Contract II in which ESCI seeks payment. That appeal was dismissed for lack of jurisdiction, but was re-docketed as Appeal No. 58847. On January 23, 2014 the ASBCA dismissed Appeal No. 58847 as time barred. That decision is currently on appeal to this court, as *Environmental Safety Consultants, Inc., v. Mabus*, No. 14-1460 (Fed. Cir.). Finally Appeal No. 58343 is an appeal of the termination for convenience claim on Contract II, the terms of which remain in dispute before the

ASBCA. In all events, no ASBCA-origin matter appears to involve any claim for set-off by the government.

As ESCI points out, the only claims pending before the ASBCA are claims by ESCI, not against ESCI. The Government "neither has any claim pending against the Plaintiff before the ASBCA nor filed any setoff claim against Plaintiff in any of the Plaintiff's pending claims before the ASBCA[.]" *Nwogu v. United States*, No. 09-cv-0268, Response at 1-2 (CFC June 14, 2013) ECF No. 59. The Government concedes that it does not consider three of the four ASBCA appeals to be pending. The Government raises the new argument that a basis for setoff may arise in an unidentified claim by the Small Business Administration. The record does not discuss this claim, or explain how it relates to the judgment on Contract I. "Judicial mandates must be obeyed, and litigation must have an end." *Cont'l Ill. Secs. Litig.*, 985 F.2d at 869. It is time to pay this 2005 judgment.

Accordingly,

IT IS ORDERED THAT:

The petition is granted. The Court of Federal Claims April 4, 2013 stay order is vacated. The court is directed to proceed promptly to enter judgment directing payment of the ASBCA judgment on Contract I in the amount of $93,989 plus interest in accordance with law.

FOR THE COURT

|  |  |
|---|---|
| July 9, 2014 | /s/  Daniel E. O'Toole |
| Date | Daniel E. O'Toole |
|  | Clerk of Court |

cc:  Clerk, United States Court of Federal Claims

s26

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE PETER C. NWOGU,**
**(doing business as Environmental Safety Consultants, Inc.),**
*Petitioner.*

---

2013-M166

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 09-CV-0268, Judge Marian Blank Horn.

---

**ON PETITION**

---

WALLACH, *Circuit Judge*, dissenting.

The majority incorrectly concludes that the mandate rule required the Court of Federal Claims to enter final judgment in Mr. Nwogu's favor. This court's decision did not finally resolve Mr. Nwogu's enforcement claim, so the mandate rule does not entitle him to final judgment. Because Mr. Nwogu has not shown a "clear and indisputable" right to mandamus relief, I would deny his petition. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (internal quotation marks and citation omitted).

The mandate rule prevents the trial court from reconsidering "issues actually decided [on appeal]." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (alteration in original); *see also Banks v. United States*, 741 F.3d 1268, 1276 (Fed. Cir. 2014). In Mr. Nwogu's prior appeal, this court reversed the trial court's dismissal of the enforcement claim for lack of subject matter jurisdiction. *Nwogu v. United States*, 497 F. App'x 952, 957 (Fed. Cir. 2012) (unpublished). This jurisdictional holding did not resolve the merits of Mr. Nwogu's enforcement claim, and did not require the Court of Federal Claims to enter final judgment in Mr. Nwogu's favor.

Nor does the panel's setoff analysis reflect a final resolution of Mr. Nwogu's enforcement claim. The Court of Federal Claims did not consider the Government's setoff defense in the context of Mr. Nwogu's enforcement claim, because it held that it lacked jurisdiction over that claim. Instead, the Court of Federal Claims considered setoff as it applied to Mr. Nwogu's takings claim, the only claim over which the Court of Federal Claims held it had jurisdiction. *Nwogu v. United States*, 94 Fed. Cl. 637, 662 (2010) ("With the government's common law right of setoff acknowledged," the Contract I judgment "is not the type of private property interest taken for public use from which a compensatory taking under the Fifth Amendment to the Constitution arises."). Finding the Government had a valid setoff defense, the Court of Federal Claims granted the Government's motion for summary judgment with respect to Mr. Nwogu's takings claim. *Id.* at 660.

On appeal, the panel vacated, but did not reverse, the trial court's setoff analysis. *Nwogu*, 497 F. App'x at 956. Even if the panel had reversed the setoff decision, it would have resulted in denial of the Government's motion for summary judgment on the takings claim. It would not have finally resolved the takings claim in Mr. Nwogu's

favor, nor would it result in final judgment for Mr. Nwogu on his separate enforcement claim.[1] In this procedural context, the panel's statement "remand[ing] to the [Court of Federal Claims] for enforcement of Mr. Nwogu's award" did not require final resolution of the claim in Mr. Nwogu's favor. *Id.* at 958.

The majority's contrary holding deprives the Government of the opportunity to file a responsive pleading to Mr. Nwogu's enforcement claim. The Government timely moved to dismiss Mr. Nwogu's Complaint, thereby tolling its deadline for filing an answer. *See* R. Ct. Fed. Cl. 12(a)(4). After remand from this court, the Court of Federal Claims promptly stayed the case, so the Government had no opportunity to file an answer. The majority faults the Government for previously failing to raise its setoff defense based on Small-Business-Administration-acquired claims against Mr. Nwogu, but the Government had no opportunity to do so.

I do share the majority's concern over the ongoing stay of Mr. Nwogu's claim. Maj. Order at 5; *see* Pet. 12. Mr. Nwogu moved for reconsideration of the stay in April 2013, and his motion has been pending at the Court of Federal Claims for over a year. Gov. App. 71. The Government's response to Mr. Nwogu's reconsideration motion stated only that the stay was appropriate, without providing any support. *See* Resp., *Nwogu v. United States*, 94 Fed. Cl. 637 (2010), ECF No. 54, at 1. Moreo-

---

[1] The only potentially dispositive motion filed in this case was the Government's motion to dismiss or, in the alternative, for summary judgment. Denial of that motion could not result in final judgment for Mr. Nwogu, nor did this court indicate it was sua sponte entering summary judgment for Mr. Nwogu, the non-movant. *See, e.g., Simpson v. Merchs. Recovery Bureau, Inc.*, 171 F.3d 546, 549 (7th Cir. 1999).

ver, Mr. Nwogu appears correct that there is little basis for the ongoing stay of his enforcement claim. Most of the proceedings on which the stay was based are no longer pending before the ASBCA, and those that are pending appear irrelevant to the Government's setoff claims. *See* Status Report of June 4, 2014, *Nwogu v. United States*, 94 Fed. Cl. 637 (2010), ECF No. 72, 2–4.

Nevertheless, these concerns over the ongoing stay do not entitle Mr. Nwogu to a writ of mandamus ordering final judgment in his favor. A petitioner seeking the extraordinary remedy of mandamus relief must prove a "clear and indisputable" right to the writ and the absence of adequate alternative means to obtain the requested relief. *Cheney*, 542 U.S. at 381 (internal quotation marks and citation omitted) (Additionally, the issuing court "must be satisfied that the writ is appropriate under the circumstances."). Mr. Nwogu has no "clear and indisputable" right to final judgment in his favor based upon violation of the mandate rule. I therefore respectfully dissent from the majority's grant of such relief.