WALLACH, Circuit Judge,
dissenting.
The majority incorrectly concludes that the mandate rule required the Court of Federal Claims to enter final judgment in Mr. Nwogu’s favor. This court’s decision did not finally resolve Mr. Nwogu’s enforcement claim, so the mandate rule does not entitle him to final judgment. Because Mr. Nwogu has not shown a “clear and indisputable” right to mandamus relief, I would deny his petition. See Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 381, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (internal quotation marks and citation omitted).
The mandate rule prevents the trial court from reconsidering “issues actually decided [on appeal].” Amado v. Microsoft Corp., 517 F.3d 1353, 1360 (Fed.Cir.2008) (alteration in original); see also Banks v. United States, 741 F.3d 1268, 1276 (Fed.Cir.2014). In Mr. Nwogu’s prior appeal, this court reversed the trial court’s dismissal of the enforcement claim for lack of subject matter jurisdiction. Nwogu v. United States, 497 Fed.Appx. 952, 957 (Fed.Cir.2012) (unpublished). This jurisdictional holding did not resolve the merits of Mr. Nwogu’s enforcement claim, and did not require the Court of Federal Claims to enter final judgment in Mr. Nwogu’s favor.
Nor does the panel’s setoff analysis reflect a final resolution of Mr. Nwogu’s enforcement claim. The Court of Federal Claims did not consider the Government’s setoff defense in the context of Mr. Nwo-gu’s enforcement claim, because it held that it lacked jurisdiction over that claim. Instead, the Court of Federal Claims considered setoff as it applied to Mr. Nwogu’s takings claim, the only claim over which the Court of Federal Claims held it had jurisdiction. Nwogu v. United States, 94 Fed.Cl. 637, 662 (2010) (“With the government’s common law right of setoff acknowledged,” the Contract I judgment “is not the type of private property interest taken for public use from which a compensatory taking under the Fifth Amendment to the Constitution arises.”). Finding .the Government had a valid setoff defense, the Court of Federal Claims granted the Government’s motion for summary judgment with respect to Mr. Nwogu’s takings claim. Id. at 660.
On appeal, the panel vacated, but did not reverse, the trial court’s setoff analysis. Nwogu, 497 Fed.Appx. at 956. Even if the panel had reversed the setoff decision, it *923 would have resulted in denial of the Government’s motion for summary judgment on the takings claim. It would not have finally resolved the takings claim in Mr. Nwogu’s favor, nor would it result in final judgment for Mr. Nwogu on his separate enforcement claim.[1] In this procedural context, the panel’s statement “remanding] to the [Court of Federal Claims] for enforcement of Mr. Nwogu’s award” did not require final resolution of the claim in Mr. Nwogu’s favor. Id. at 958.
The majority’s contrary holding deprives the Government of the opportunity to file a responsive pleading to Mr. Nwogu’s enforcement claim. The Government timely moved to dismiss Mr. Nwogu’s Complaint, thereby tolling its deadline for filing an answer. See R. Ct. Fed. Cl. 12(a)(4). After remand from this court, the Court of Federal Claims promptly stayed the case, so the Government had no opportunity to file an answer. The majority faults the Government for previously failing to raise its setoff defense based on Small-Business-Administration-acquired claims against Mr. Nwogu, but the Government had no opportunity to do so.
I do share the majority’s concern over the ongoing stay of Mr. Nwogu’s claim. Maj. Order at 5; see Pet. 12. Mr. Nwogu moved for reconsideration of the stay in April 2013, and his motion has been pending at the Court of Federal Claims for over a year. Gov.App. 71. The Government’s response to Mr. Nwogu’s reconsideration motion stated only that the stay was appropriate, without providing any support. See Resp., Nwogu v. United States, 94 Fed.Cl. 637 (2010), ECF No. 54, at 1. Moreover, Mr. Nwogu appears correct that there is little basis for the ongoing stay of his enforcement claim. Most of the proceedings on which the stay was based are no longer pending before the ASBCA, and those that are pending appear irrelevant to the Government’s setoff claims. See Status Report of June 4, 2014, Nwogu v. United States, 94 Fed.Cl. 637 (2010), ECF No. 72, 2-4.
Nevertheless, these concerns over the ongoing stay do not entitle Mr. Nwogu to a writ of mandamus ordering final judgment in his favor. A petitioner seeking the extraordinary remedy of mandamus relief must prove a “clear and indisputable” right to the writ and the absence of adequate alternative means to obtain the requested relief. Cheney, 542 U.S. at 381, 124 S.Ct. 2576 (internal quotation marks and citation omitted) (Additionally, the issuing court “must be satisfied that the writ is appropriate under the circumstances.”). Mr. Nwogu has no “clear and indisputable” right to final judgment in his favor based upon violation of the mandate rule. I therefore respectfully dissent from the majority’s grant of such relief.

. The only potentially dispositive motion filed in this case was the Government’s motion to dismiss or, in the alternative, for summary judgment. Denial of that motion could not result in final judgment for Mr. Nwogu, nor did this court indicate it was sua sponte entering summary judgment for Mr. Nwogu, the non-movant. See, e.g., Simpson v. Merchs. Recovery Bureau, Inc., 171 F.3d 546, 549 (7th Cir. 1999).