# United States Court of Appeals
## For the First Circuit

No. 16-1313

IN RE: ADA M. CONDE VIDAL; MARITZA LÓPEZ-AVILÉS; IRIS DELIA
RIVERA-RIVERA; JOSÉ A. TORRUELLAS-IGLESIAS; THOMAS J. ROBINSON;
ZULMA OLIVERAS-VEGA; YOLANDA ARROYO-PIZARRO; JOHANNE VÉLEZ-
GARCÍA; FAVIOLA MELÉNDEZ-RODRÍGUEZ; PUERTO RICO PARA TOD@S;
IVONNE ÁLVAREZ-VÉLEZ,

Petitioners.

PETITION FOR A WRIT OF MANDAMUS TO THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before
Torruella, Thompson and Kayatta,
Circuit Judges.

Omar González-Pagán, Hayley Gorenberg, Karen Loewy and Lambda
Legal Defense and Education Fund, Inc., Felicia H. Ellsworth, Mark
C. Fleming, Steven J. Horn, Alan E. Schoenfeld, Adriel I. Cepeda
Derieux, Paul R. Q. Wolfson, Robbie Manhas, and Wilmer Cutler
Pickering Hale and Dorr, LLP, Gary W. Kubek, Harriet M. Antczak,
Jing Kany, Ryan M. Kusmin, and Debevoise & Plimpton, LLP, Celina
Romany-Siaca and Celina Romany Law Offices, for Petitioners
Maritza López-Avilés, Iris D. Rivera-Rivera; José A. Torruellas-
Iglesias, Thomas J. Robinson; Zulma Oliveras-Vega, Yolanda Arroyo-
Pizarro; Johanne Vélez-García, Faviola Meléndez-Rodríguez; and
Puerto Rico Para Tod@s.
    Ada M. Conde-Vidal and Conde Attorney at Law, PSC, for
Petitioner Ivonne Álvarez-Vélez.
    José L. Nieto and Nieto Law Offices for Petitioner Ada M.
Conde-Vidal.
    Margarita Mercado-Echegaray, Solicitor General, Department of
Justice, Commonwealth of Puerto Rico, for Respondents Alejandro J.
García-Padilla, Dr. Ríus-Armendáriz, Wanda Llovet-Díaz, and Juan
C. Zaragoza-Gómez.

April 7, 2016

**Per Curiam.**  A group of individuals and advocacy groups ("Petitioners") challenge the constitutionality of Article 68 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 221, and other laws of the Commonwealth that prohibit same-sex couples from marrying.  During the pendency of a prior appeal from the dismissal of Petitioners' claims, the United States Supreme Court decided Obergefell v. Hodges, 135 S.Ct. 2584 (2015).  In the wake of that decision, all parties agreed that the Commonwealth's ban on same-sex marriage was unconstitutional.  We agreed, vacated the judgment, and remanded.  On remand, the district court nevertheless denied the parties' joint request that the court enter judgment in favor of Petitioners.  Instead, the court issued a memorandum concluding that the Commonwealth's ban was not unconstitutional because, the district court claimed, the "right to same-sex marriage" has not been determined to apply in Puerto Rico.  Petitioners now request the issuance of a writ of mandamus requiring the district court to enter judgment in their favor striking down the ban as unconstitutional. Respondents, in turn, move for leave to join in Petitioners' request.

The district court's ruling errs in so many respects that it is hard to know where to begin. The constitutional rights at issue here are the rights to due process and equal protection, as protected by both the Fourteenth and Fifth Amendments to the United States Constitution. Obergefell, 135 S. Ct. 2584; United States v. Windsor, 133 S. Ct. 2675 (2013). Those rights have already been incorporated as to Puerto Rico. Examining Bd. Of Eng'rs, Architects & Surveyors v. Flores de Otero, 426 U.S. 572, 600 (1976). And even if they had not, then the district court would have been able to decide whether they should be. See Flores de Otero, 426 U.S. at 590.[1]

In any event, for present purposes we need not gild the lily. Our prior mandate was clear:

> Upon consideration of the parties' Joint Response Pursuant to Court Order filed June 26, 2015, we vacate the district court's Judgment in this case and remand the matter for further consider in light of Obergefell . . . . We agree with the parties' joint position that the ban is unconstitutional. Mandate to issue forthwith.

---

[1] In Flores de Otero, the Court stated that although Congress, via the Foraker Act, had "conveyed uncertain[ty] of its own powers respecting Puerto Rico and of the extent to which the Constitution applied there. . . . it recognized, at least implicitly, that the ultimate resolution of these questions was the responsibility of this Court." Flores de Otero, 426 U.S. at 590. The use of the word "ultimate" suggests the involvement of lower courts, rather than viewing itself as the sole arbiter of such issues. This interpretation aligns with the limited jurisdiction of the Supreme Court.

- 4 -

Judgment, In re Conde-Vidal, et al., No. 14-2184 (1st Cir. July 8, 2015). (Emphasis added.)

In ruling that the ban is not unconstitutional because the applicable constitutional right does not apply in Puerto Rico, the district court both misconstrued that right and directly contradicted our mandate. And it compounded its error (and signaled a lack of confidence in its actions), by failing to enter a final judgment to enable an appeal in ordinary course.

Error of this type is not so easily insulated from review. This court may employ mandamus jurisdiction when a district court has misconstrued or otherwise failed to effectuate a mandate issued by this court. See United States v. U.S. Dist. Court for S. Dist. of N.Y., 334 U.S. 258, 263-64 (1948) ("It was held that mandamus was the proper remedy to enforce compliance with the mandate.") (citing City Nat. Bank of Ft. Worth v. Hunter, 152 U.S. 512, 515 (1894)); see also Baltimore & O.R. Co. v. United States, 279 U.S. 781, 785 (1929) ("When a lower federal court refuses to give effect to or misconstrues our mandate, its action may be controlled by this court, either upon a new appeal or by writ of mandamus."); Dep't of Navy v. Fed. Labor Relations Auth., 835 F.2d 921, 923 (1st Cir. 1987) (explaining that mandamus is an appropriate means of compelling effectuation of mandate where failure to take action might "[r]equir[e] petitioner to participate in the relitigation of issues already decided").

Accordingly, Respondents' motion to join in the petition for writ of mandamus is <u>granted</u>, the petition itself is also <u>granted</u>, and the case is <u>remitted</u> to be assigned randomly by the clerk to a different judge to enter judgment in favor of the Petitioners promptly, and to conduct any further proceedings necessary in this action.