In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-2497

IN RE: A.F. MOORE & ASSOCIATES, INC., et al.,

*Petitioners.*

_____

Petition for a Writ of Mandamus to the United States
District Court for the Northern District of Illinois, Eastern Division.
No. 1:18-cv-4888 — **Charles P. Kocoras**, *Judge.*

_____

SUBMITTED AUGUST 31, 2020[*] — DECIDED SEPTEMBER 10, 2020

_____

Before FLAUM, HAMILTON, and BARRETT, *Circuit Judges*.

PER CURIAM. In January, we reversed the dismissal of an
equal-protection suit brought by a group of taxpayers chal-
lenging Cook County's pre-2008 property tax assessments.
The district court had determined that it lacked jurisdiction
under the Tax Injunction Act, 28 U.S.C. § 1341, because Illinois
offered the taxpayers a "plain, speedy and efficient remedy."
We disagreed. Based on the defendants' own concessions, we

_____

[*] We have agreed unanimously to decide this petition without oral ar-
gument because the petition, answer, and record adequately present the
facts and legal arguments, and oral argument would not significantly aid
the court. FED. R. APP. P. 34(a)(2)(C).

held that Illinois's procedures left these taxpayers no remedy at all for their claims, let alone a speedy and efficient one—the taxpayers had been litigating in state courts for a decade. *A.F. Moore & Assocs., Inc. v. Pappas*, 948 F.3d 889, 896 (7th Cir. 2020). The defendant officials petitioned for rehearing and rehearing en banc, but no member of the court voted to rehear the case. Our mandate issued on April 17, and the case returned to the district court for further proceedings.

There have been no further proceedings. On June 9, the day before the defendants were to answer the complaint, the defendants filed two motions seeking a stay of the case pending the resolution of a petition for a writ of certiorari that they planned to submit in September. They filed the first motion in this court, asking that we recall our mandate and stay its reissuance. *See* FED. R. APP. P. 41(d). We summarily denied their request.

They filed the second motion in the district court, which chose to grant the relief that we had already denied. The district court rejected the taxpayers' arguments that it was prohibited from entering a stay both by our mandate and by 28 U.S.C. § 2101(f), which expressly authorizes this court or the Supreme Court to stay execution of a final judgment pending certiorari. And having concluded that it possessed the necessary authority, the district court exercised it. It reasoned that if the Supreme Court granted certiorari and reversed our decision, any actions that the district court took in the meantime would be invalid for lack of jurisdiction. In other words, acting on our judgment that it had authority to adjudicate the taxpayers' case might result in wasted effort, so the district court decided to wait to see if the Supreme Court reversed us.

The taxpayers now petition for a writ of mandamus, asserting that the district court exceeded its authority when it entered the stay. A writ of mandamus is an extraordinary remedy, not lightly invoked, but it is available in an appropriate case for a litigant who can show that it has no other adequate means to attain relief to which it is clearly entitled. *Cheney v. U.S. District Court*, 542 U.S. 367, 380–81 (2004); *In re CFTC*, 941 F.3d 869, 872 (7th Cir. 2019). This is such a case.

The taxpayers begin with their argument under 28 U.S.C. § 2101(f). According to the taxpayers, a district court never has authority to stay a case pending certiorari because that power is vested by statute exclusively in the court of appeals and the Supreme Court. Section 2101(f) provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court ….

The logic goes that by permitting only a judge of the court that rendered the reviewable judgment or a justice to stay a judgment pending certiorari, § 2101(f) precludes a district judge from doing so. The district court, like many other courts that have considered the issue, accepted this interpretation. *See In re Time Warner Cable, Inc.*, 470 F. App'x 389, 390 (5th Cir. 2012); *In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982); *United States v. Lentz*, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005); *see also Whitehead v. Frawner*, No. CV 17-275 MV/KK, 2019 WL 4016334, at *1 (D.N.M. Aug. 26, 2019) ("Virtually every court to have

considered this question has reached the same conclusion."). But the district court said that § 2101(f) imposed no bar in this case because it did not apply. The statute governs cases in which a "final judgment" is subject to Supreme Court review, and in the district court's view, our judgment was not final because we remanded the case for further proceedings. *See Lentz*, 352 F. Supp. 2d at 726 n.18 (noting this possibility).

We see no need to evaluate the district court's interpretation of § 2101(f) because the taxpayers' second argument in support of the writ is more straightforward: the district court's stay was in direct opposition to our mandate. One of the more common and appropriate uses of mandamus authority is to "keep a lower tribunal from interposing unauthorized obstructions to enforcement of a judgment of a higher court." *United States v. U.S. District Court*, 334 U.S. 258, 263–64 (1948); *In re Cont'l Ill. Sec. Litig.*, 985 F.2d 867, 869 (7th Cir. 1993); *see also In re Trade & Commerce Bank ex rel. Fisher*, 890 F.3d 301, 303 (D.C. Cir. 2018). We call this obligation to follow the judgment of a reviewing court the mandate rule, a relative of the law of the case. *See Kovacs v. United States*, 739 F.3d 1020, 1024 (7th Cir. 2014). Under the mandate rule, "when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court." *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000). Said another way, the court must follow "the spirit as well as the letter of the mandate." *Cont'l Ill.*, 985 F.2d at 869. The court may believe and even express its belief that our reasoning was flawed, yet it must execute our mandate nevertheless. *Donohoe v. Consol. Operating & Prod. Corp.*, 30 F.3d 907, 910–11 (7th Cir. 1994); *cf. Baez-Sanchez v. Barr*, 947 F.3d 1033, 1036 (7th Cir. 2020).

The spirit of our mandate in this case was clear. After concluding that the taxpayers lacked a plain, speedy, and efficient remedy in the state courts, we remanded the case to the district court for it to resolve the taxpayers' claims. Then, mindful that the taxpayers had already spent a decade trying to litigate these claims in state court, and judging the Supreme Court unlikely to grant certiorari, much less to reverse our judgment, we expressly denied the defendants' request that we stay our remand pending their petition for a writ of certiorari. The district court was powerless to reconsider our decision on this matter and grant what we had withheld.

The district court disregarded our ruling on the motion to recall and stay the mandate because "that motion was filed and was summarily denied several weeks after the mandate issued." We do not see how those facts make our decision any less decisive.

As an initial matter, the district court found it significant that the motion was filed and denied after the mandate issued. The timing, however, is hardly a point in the defendants' favor. On the contrary, the defendants' delay made it harder for them to obtain a stay, because recalling the mandate requires a demonstration of "extraordinary circumstances." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998). We do not see why the defendants' procrastination before us gained them an advantage in the district court. In any event, though, the more important point is that the timing of our order did not deplete its force, and the district court was wrong to suggest otherwise.

The district court also discounted our order because it lacked an explanation. Quite frankly, there was little need for us to say anything more than that the motion was denied. The

standard for granting a stay of the mandate is "well estab-
lished" and, even with a timely motion, the grant of a stay is
"far from a foregone conclusion." *Senne v. Vill. of Palatine*, 695
F.3d 617, 619 (7th Cir. 2012) (Ripple, J., in chambers). It is the
movant's burden to demonstrate (1) a reasonable probability
of succeeding on the merits (meaning both that the Court will
grant certiorari and that the Court will reverse) and (2) irrep-
arable injury absent a stay. *Id.* The defendants did not meet
either element. They asserted that we failed to apply prece-
dent that we did, in fact, apply and emphasized the disruptive
effect federal litigation can have on ongoing state tax-collec-
tion efforts—an important concern, but irrelevant here, since
the challenged policy ended in 2008. Our summary denial
certainly did not reflect inattention to the defendants' argu-
ments; if anything, it reflected our view that our disposition
of the motion was not a close call. In any event, though, it
should not have mattered to the district court that we sum-
marily denied the defendants' motion. An order is an order
regardless whether it contains an explanation.

Notably, the district court did not offer its own explana-
tion of why the defendants satisfied the requirements for a
stay. It observed that a few months' delay while the Supreme
Court considers the petition would not harm the taxpayers,
but it did not find that a few months' litigation would irrepa-
rably injure the defendants. It further reasoned only that the
court's and the parties' efforts would be wasted *if* certiorari
were granted and *if* the Court reversed our judgment. That
analysis overlooks the critical question of how likely is it that
either of those conditions would be met. If the mere possibil-
ity of reversal were enough, then a stay would be automatic
in every case rather than a rare exception.

We do not doubt that the district court acted in good faith when resolving the motion before it, but had it considered the appropriate standard for a stay pending a petition for a writ of certiorari, it may well have realized that its position was fraught. The defendants' motion obligated the district court, which had been reversed by a reviewing court, to weigh the likelihood that it might be later vindicated by our own reversal. That analysis is only a step removed from a court declaring that it was right all along and entering the judgment just reversed—the most obvious violation of the mandate rule. *See Deutsche Bank Nat'l Tr. Co. v. Burke*, 902 F.3d 548, 551 (5th Cir. 2018); *Barrow v. Falck*, 11 F.3d 729, 730 (7th Cir. 1993). District courts have routinely refused invitations to engage in this sort of stay calculation for just that reason. *See, e.g.*, *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 569 (E.D. Pa. 2011); *Lentz*, 352 F. Supp. 2d at 726; *Mister v. Illinois Cent. Gulf R.R*, 680 F. Supp. 297, 299 (S.D. Ill. 1988); *Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F. Supp. 78, 80 (S.D.N.Y. 1983). In this case, an additional factor dispelled any doubt about whether the district court could go down this road: we had already denied the defendants' request for the very same relief. Once we refused to stay the mandate, the taxpayers' only recourse was with the Supreme Court, which has ample authority to stay our judgment under § 2101(f) or otherwise. *See* S. Ct. R. 23; *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1312 (1986) (Scalia, J., in chambers) (noting authority to issue stay even when § 2101(f) does not apply). The district court, in contrast, was not in a position to overrule us.

The defendants try to salvage the district court's stay with semantics. They insist that the district court did not stay our mandate (which, in their view, the court fully executed when it reopened the case) but only stayed further proceedings.

That they moved for both stays on the same day undermines this supposed distinction. Indeed, that they asked us to recall our mandate, long after it issued and the case was back in the district court, implicitly acknowledges the nature of the relief they sought—a stay of the mandate, not an ordinary stay of district court proceedings. Nor do we think that our mandate can be as tightly constrained as the defendants wish. A district court would be in obvious dereliction of duty if it reopened a remanded case but refused to do anything more because it still thought that it lacked jurisdiction. *Cf. In re Conde Vidal*, 818 F.3d 765, 767 (1st Cir. 2016). We do not mean to suggest that the district court did that here, but the broader point stands: the clear spirit of our mandate entailed more than flipping a flag on the docket sheet from "closed" to "reopen." We presupposed that further proceeding would be had at an ordinary pace.

The district court, of course, has broad discretion to decide what that pace should be. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Gonzalez v. Ingersoll Mill. Mach. Co.*, 133 F.3d 1025, 1030 (7th Cir. 1998). Our mandate did not obligate the court to rush to final judgment before September ends. Still, a district court can exercise its inherent authority only consistent with our mandate and our mandate foreclosed a stay pending certiorari. As we have already noted, countless district courts have drawn this very line as the outer limit of their authority. *See, e.g., In re Servotronics, Inc.*, No. 2:18-MC-00364-DCN, 2020 WL 3051247, at *3 (D.S.C. June 8, 2020); *United States v. Sample*, No. CR 15-4265 JCH, 2018 WL 6622198, at *3 (D.N.M. Dec. 18, 2018); *Lentz*, 352 F. Supp. 2d at 727–28. The district court here relied only on the pending petition for a writ of certiorari to grant the stay that we had already

denied. That order was incompatible with the clear spirit of our mandate and must be vacated.

PETITION GRANTED; MANDAMUS ISSUED.