# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 13, 2018          Decided May 15, 2018

No. 17-5154

IN RE: TRADE AND COMMERCE BANK, BY AND THROUGH ITS
LIQUIDATORS ELEANOR FISHER AND TAMMY FU,
PETITIONER

On Petition for Writ of Mandamus
(1:15-cv-00116)

*William T. Reid IV* argued the cause for petitioner. With
him on the petition for writ of mandamus and the reply were
*Craig A. Boneau*, *Scott D. Saldaña*, and *Chun T. Wright*.

*Michael Olmsted*, Attorney, U.S. Department of Justice,
argued the cause for respondent. With him on the response to
the petition for writ of mandamus was *Jennifer Wallis*. *Vijay
Shanker*, Attorney, entered an appearance.

Before: WILKINS and KATSAS, *Circuit Judges*, and
RANDOLPH, *Senior Circuit Judge*.

Opinion of the Court filed PER CURIAM.

PER CURIAM: In 1999, federal agents seized approximately
$6.8 million of allegedly illegal proceeds from a New York bank
account in the name of Kesten Development Corporation. Ever
since, the United States Attorney General and fourteen federal
judges—spanning three district courts and three courts of

appeals—have been attempting to resolve competing claims to these funds. The Federative Republic of Brazil, which seeks the funds pursuant to a Brazilian criminal forfeiture order, and the Liquidators of Trade and Commerce Bank, who hold a British Virgin Islands default judgment against Kesten that was domesticated in the United States, remain as potential recipients of the $6.8 million.

In 2010—after years of technical difficulties explained in detail in *United States v. Federative Republic of Brazil*, 748 F.3d 86, 88–90 (2d Cir. 2014)—the United States filed an interpleader action in the District Court for the Southern District of New York to resolve the competing claims. Two years later, that district court concluded that Brazil was entitled to the funds. *United States v. Barry Fischer Law Firm, LLC*, No. 10 Civ. 7997, 2012 WL 5259214, at *1 (S.D.N.Y. Oct. 24, 2012). The Second Circuit reversed, holding that enforcement of Brazil's criminal forfeiture order violated the penal law rule barring United States courts from enforcing the penal laws of foreign countries. *United States v. Brazil*, 748 F.3d at 88. The Second Circuit, noting that 28 U.S.C. § 2467 provides a statutory exception to the penal law rule, remanded the case "to the district court with instructions that it afford Brazil and the Attorney General a reasonable period of time to satisfy § 2467's exception . . . before reaching a final decision in th[e] interpleader action." *Id.*

Several months later, the Attorney General applied in the District Court for the District of Columbia to restrain the funds pursuant to 28 U.S.C. § 2467(d)(3). When the D.C. district court granted the application, the District Court for the Southern District of New York transferred the interpleader action to the District of Columbia so that the two cases could be resolved in tandem. The D.C. district court stayed the interpleader action pending resolution of the § 2467 action. The Liquidators filed

motions to vacate the stay and dissolve the restraining order on the ground that the Second Circuit's mandate required the United States to file for enforcement of a final forfeiture order pursuant to 28 U.S.C. § 2467(b) and (c), not for a restraining order under § 2467(d)(3). The district court denied the motions.

Before this court is the Liquidators' petition for writ of mandamus to compel the D.C. district court's compliance with the Second Circuit's mandate. There is no doubt this court has mandamus jurisdiction "to confine a lower court to the terms of an appellate tribunal's mandate." *Will v. United States*, 389 U.S. 90, 95–96 (1967).

The parties dispute the proper standard of review. The Liquidators argue that mandamus actions seeking to compel compliance with a mandate differ from other mandamus actions and require only a showing that the letter and spirit of the mandate were violated. The United States argues that the Liquidators must show, as in all mandamus cases, (1) a clear and indisputable right to relief, (2) no other adequate means of redress, and (3) appropriateness under the circumstances. *See Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 380–81 (2004) (citing *Kerr v. United States District Court for the Northern District of California*, 426 U.S. 394, 403 (1976)). We agree with the United States.

Although our mandamus cases dealing with enforcement of the mandate may not explicitly spell out each of the factors mentioned in *Cheney*, *see, e.g.*, *City of Cleveland v. FPC*, 561 F.2d 344 (D.C. Cir. 1977), we see no reason why those factors should not apply. Neither *Cheney* nor any later case created an exception for mandamus actions seeking to enforce a mandate. Early decisions acknowledging the availability of mandamus to compel compliance with an appellate mandate refer to the requirement that a party show a "clear and indisputable" right.

*Will*, 389 U.S. at 96. Although the Ninth Circuit suggested a special rule for mandate-mandamus actions, *Vizcaino v. United States District Court for the Western District of Washington*, 173 F.3d 713, 719 (9th Cir. 1999), a later decision of that circuit questioned whether such actions should be treated differently than other mandamus cases. *See Pit River Tribe v. United States Forest Service*, 615 F.3d 1069, 1079 n.1 (9th Cir. 2010).

This brings us to the three *Cheney* factors. We begin and end with the first one. The Liquidators have *no* right to relief, let alone one that is clear and indisputable. The Second Circuit's mandate directs the district court to afford Brazil and the Attorney General a "reasonable period of time" to invoke "§ 2467's exception" to the penal law rule by filing an action under § 2467. *United States v. Brazil*, 748 F.3d at 88; *see also id.* at 97. The Liquidators believe this could be satisfied only if the Attorney General filed for enforcement of a final forfeiture order under § 2467(b) and (c). The district court correctly held that filing for a § 2467(d)(3) restraining order sufficed.

The Second Circuit acknowledged that the Brazilian criminal forfeiture order remained subject to appeal in the Brazilian courts. *See United States v. Brazil*, 748 F.3d at 90–91. Because an action for enforcement of a foreign judgment cannot be filed until that judgment "is not subject to appeal," 28 U.S.C. § 2467(b)(1)(C), the Second Circuit could not have expected Brazil to pursue such an action immediately. The Second Circuit contemplated that Brazil would seek a (d)(3) restraining order. It credited Brazil's representation that it "would promptly . . . initiate a § 2467 proceeding" because Brazil had done so both "with respect to the Venus Account in 2005" and in *In re Seizure of Approximately $12,116,153.16 and Accrued Interest in U.S. Currency*, 903 F. Supp. 2d 19 (D.D.C. 2012). *United States v. Brazil*, 748 F.3d at 96–97. Both of those actions were for § 2467(d)(3) restraining orders.

Because the Liquidators have no right to relief, they fail to satisfy the legal standard for obtaining mandamus. As such, their petition is denied.

*So ordered.*