# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-5255          September Term, 2023

FILED ON: AUGUST 2, 2024

UNITED STATES OF AMERICA,
         APPELLEE

v.

BARRY FISCHER LAW FIRM, LLC, ET AL.,
         APPELLEES

ELIZABETH MACKAY, AS JOINT OFFICIAL LIQUIDATORS OF TRADE AND COMMERCE BANK AND
GORDON MACRAE, AS JOINT OFFICIAL LIQUIDATORS OF TRADE AND COMMERCE BANK,
         APPELLANTS

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-00116)

Before: RAO and GARCIA, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

\*     \*     \*

The United States filed multiple federal court actions concerning the ownership of a seized bank account, including the interpleader action on appeal here. While this interpleader was pending, the district court, in a separate proceeding, enforced a foreign criminal forfeiture judgment, vesting title to the bank account in the United States for the benefit of the Federative Republic of Brazil. The district court held that the forfeiture judgment mooted the interpleader action and dismissed it. We agree.

I.

This case has a lengthy procedural history, but we highlight at the outset that the circumstances here—parallel interpleader and foreign forfeiture actions maintained by the United States—are unlikely to recur. After this court's decision in *In re Any and All Funds or Other Assets, in Brown Brothers Harriman & Co. Account # 8870792 in the Name of Tiger Eye Investments Ltd.* ("*Tiger Eye*"), 613 F.3d 1122 (D.C. Cir. 2010), the United States was unable to continue restraining the assets at issue here for eventual forfeiture to Brazil, and so initiated this interpleader. But several months after *Tiger Eye*, Congress amended 28 U.S.C. § 2467(d), effectively overruling the decision and expanding the government's ability to restrain assets in this context. Preserving Foreign Criminal Assets for Forfeiture Act of 2010, Pub. L. No. 111-342, 124 Stat. 3607, 3607–08 (codified at 28 U.S.C. § 2467(d)(3)(A)). After the statutory amendment, the United States initiated a new action to enforce the foreign forfeiture judgment, a proceeding that ran parallel to the interpleader. With this context in mind, we consider whether the judgment in the forfeiture case moots the interpleader.

This nearly 20-year litigation begins with the United States seizing two bank accounts, the Venus Account and the Tadeland Account, belonging to Kesten Development Corporation and its parent company ("Kesten"). The government filed a civil forfeiture action, alleging the accounts were used in a money laundering conspiracy. The United States lost the civil forfeiture case and was ordered to return the money to Kesten.

Before the money was returned, Brazil submitted a Mutual Legal Assistance Treaty request, asking the United States to seize the accounts for eventual criminal forfeiture to Brazil. Brazil was prosecuting Kesten's principal owners and was seeking the criminal forfeiture of these funds in that proceeding. The United States obtained a restraining order. In *Tiger Eye*, our court held that the statutory provision that authorized this restraining order—28 U.S.C. § 2467(d)(3)—required a final forfeiture judgment from a foreign court. 613 F.3d at 1124. Brazil did not yet have a final judgment, so following *Tiger Eye*, the district court vacated the restraining order on the Venus and Tadeland Accounts.

While the money was restrained, Kesten's creditors had asserted claims to Kesten's former bank accounts. The Barry Fischer Law Firm had represented Kesten in the prior United States forfeiture proceeding and claimed one-third of the accounts as a contingency fee. And the liquidators of Trade and Commerce Bank sought to enforce a default judgment they had obtained against Kesten.

Uncertain about where to return the money, and because a restraining order was not available after *Tiger Eye* but before the statutory amendment, the United States filed this interpleader action in the Southern District of New York, listing Kesten, the law firm, the bank liquidators, and Brazil as competing claimants to the funds. After a partial settlement between the interpleader claimants,[1] the district court granted summary judgment to Brazil on the Venus Account. *United States v. Barry Fischer Law Firm, LLC*, No. 10 Civ. 7997, 2012 WL 5259214 (S.D.N.Y. Oct. 24, 2012). The Second Circuit vacated this judgment because Brazil needed to

---

[1] The smaller Tadeland Account was distributed to Brazil and the Barry Fischer Law Firm in exchange for the law firm dropping its remaining claims to the Venus Account.

avail itself of 28 U.S.C. § 2467—which establishes a process for the United States to apply to enforce a foreign criminal forfeiture judgment. *United States v. Federative Republic of Brazil*, 748 F.3d 86, 93–97 (2d Cir. 2014).

This remand resulted in another decade of litigation. Brazil's foreign judgment could not be enforced under section 2467 until it was final and no longer subject to appeal. *See* 28 U.S.C. § 2467(b)(1)(C). While the Brazilian criminal process continued, at Brazil's renewed request, the United States applied to the District Court for the District of Columbia for a new restraining order under the now-amended section 2467(d)(3). The Southern District of New York then transferred this interpleader action to the District of Columbia. Both proceedings laid dormant while Brazil's criminal forfeiture judgment was subject to appeal in the Brazilian courts. *See In re Trade & Commerce Bank ex rel. Fisher*, 890 F.3d 301, 303–04 (D.C. Cir. 2018) (per curiam) (denying a petition for writ of mandamus). When the Brazilian judgment became final, the district court granted the section 2467 forfeiture application, authorizing the United States to seize the funds on Brazil's behalf.

The district court then dismissed this interpleader action as moot, reasoning that the Second Circuit's previous opinion and the final forfeiture order compelled that conclusion. The bank liquidators appeal.

## II.

We review a dismissal for mootness *de novo*. *Almaqrami v. Pompeo*, 933 F.3d 774, 779 (D.C. Cir. 2019). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (cleaned up).

As noted at the outset, it is unusual for the same property to be subject to both an interpleader action and another ongoing court proceeding with the same parties. "Interpleader allows a party exposed to multiple claims on a single obligation or property to settle the controversy and satisfy his obligation in one proceeding." *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993). While the interpleader was pending, the district court instead allowed the parallel forfeiture proceeding to reach judgment.

We hold that the forfeiture judgment in the section 2467 case mooted this interpleader. In interpleader, both the plaintiff and defendants are seeking relief. The interpleader plaintiff—called the stakeholder—seeks relief from defending multiple potential suits, and the interpleader defendants—called claimants—seek to enforce their claims to the obligation or property. *See* Zechariah Chafee, Jr., *Interpleader in the United States Courts*, 41 YALE L.J. 1134, 1144 (1932) (explaining the relationship of parties in an interpleader suit). After the forfeiture order became final, the interpleader was moot because the district court could provide effectual relief neither to the United States as stakeholder nor to the various claimants.[2]

---

[2] Because we are presented with the situation where the court can provide no effectual relief to either the stakeholder or the claimants in this interpleader suit, we do not decide whether a court's inability to provide effectual relief to the stakeholder alone or to the prevailing claimant alone would moot the interpleader. We also do not resolve whether the Second Circuit's decision compelled the conclusion that this case is moot. While the district court relied on that earlier decision, we can affirm for different reasons. *Cf. Parsi v.*

A.

In an interpleader action, the stakeholder seeks relief from the injury of defending against multiple claims about the same obligation or property. If each claim against the plaintiff were litigated separately, the stakeholder may be "subject[ed] … to multiple liability." *Texas v. Florida*, 306 U.S. 398, 406 (1939); *see also N.Y. Life Ins. Co. v. Welch*, 297 F.2d 787, 790 (D.C. Cir. 1961) (holding that interpleader is also justified by "the expense of defending twice"). Interpleader redresses these injuries by providing a decree relieving the claimant from the duty to defend the suits and "direct[ing] that the persons between whom the dispute really exists shall fight it out at their own expense." Zechariah Chafee, Jr., *Modernizing Interpleader*, 30 YALE L.J. 814, 814 (1921).

After the forfeiture judgment in the section 2467 case, the United States no longer has a fear of multiple suits against it. The section 2467 judgment "registered" and "enforced" the "Brazilian final confiscation judgment." The remaining claimants are Kesten and one of Kesten's creditors who seeks to "ascend to [Kesten's] rights." But Kesten, like "all [other] persons claiming any right, title, or interest in or to the forfeited property," was "held in default" by the section 2467 judgment. The United States can now safely remit the forfeited property to Brazil without any reasonable fear that Kesten or Kesten's creditors will sue the United States.

B.

The section 2467 judgment also settled the rights of the claimants such that the court can no longer provide any effectual relief to them. A judicial decision in another court proceeding can moot a case if it either provides the parties "full relief" or "forecloses relief." 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.2.1 (3d ed. 2008). The section 2467 judgment gives Brazil all the relief it seeks and forecloses the relief sought by the other claimants.

In the section 2467 proceeding, the district court entered two separate orders, three months apart. In the first order, the court "h[e]ld enforceable" Brazil's judgment but refrained from entering a "final forfeiture judgment." In their briefing after this initial order, the bank liquidators asked the court to make the final forfeiture order "contingent upon the outcome of the Interpleader Action." The district court declined, entering a final forfeiture judgment that "held in default" any other "persons claiming any right, title, or interest in or to the forfeited property," and vested title in the United States for ultimate forfeiture to Brazil. The Brazilian judgment was both "registered" and "enforced." The court authorized the United States to "seize[]" and "dispose[] of" the property. While the order was formally stayed until the conclusion of the interpleader suit, its effect was not made contingent on the interpleader. Despite the court rejecting their proposed approach, the bank liquidators did not appeal this section 2467 judgment.

On appeal in this interpleader action, the bank liquidators contest the consequences of that final section 2467 judgment. They claim it "did not … vest title … of the Venus Account Funds to the United States" and repeatedly call it an "enforceable" judgment, implying it had not yet been enforced. But their arguments are primarily that the section 2467 judgment should have left the

---

*Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015) ("Ordinarily, a court of appeals can affirm a district court judgment on any basis supported by the record.").

priority determination to be resolved in the interpleader case. That issue is not properly raised in this appeal, in which we are limited to determining whether the final section 2467 forfeiture judgment, which vested title in the United States, precludes the relief that the bank liquidators seek in this case. It does.

In sum, the section 2467 judgment enforced the Brazilian judgment and extinguished the other claims to the funds, mooting this interpleader case.

\* \* \*

For the foregoing reasons, we affirm the judgment of the district court. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after the resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**


**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk